Filed 2/11/14  P. v. Gutierrez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057817 |
| v. | (Super.Ct.No. SWF002769) |
| CHRISTOPHER MICHAEL GUTIERREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Helios (Joe) Hernandez, Judge.  Affirmed as modified.

Robert Booher, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lynne G. McGinnis and Warren Williams, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Christopher Michael Gutierrez appeals following an order revoking his probation and sentencing him to an aggregate term of 12 years in state prison.  On appeal, defendant contends (1) the trial court imposed an unauthorized sentence in 2008, and (2) the abstract of judgment should be corrected to reflect that he was convicted of assault by means of force likely to cause great bodily injury rather than assault with a deadly weapon for count 3.  We agree with the parties, and will modify the judgment.

I

PROCEDURAL BACKGROUND

On January 9, 2004, in case No. SWF002769, an amended information was filed charging defendant with inflicting corporal injury on a spouse or cohabitant (Pen. Code, § 273.5; count 1);[1] false imprisonment (§ 236; count 2); assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(1); count 3); infliction of corporal punishment or injury on a child resulting in a traumatic condition (§ 273d, subd. (a); count 4); child abuse (§ 273a, subd. (a); count 5); and dissuading a witness by force or threat of force (§ 136.1, subd. (c)(1); count 6).  The amended information further alleged that defendant had suffered two prior prison terms (§ 667.5, subd. (b)) and a prior serious or violent felony strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)).

On February 19, 2004, defendant pled guilty to counts 1 through 6 as charged; in exchange for a suspended five-year term and dismissal of the remaining enhancement

_____

[1]  All future statutory references are to the Penal Code unless otherwise stated.

allegations. The trial court thereafter immediately sentenced defendant to five years in prison, but suspended execution of the sentence, and placed defendant on probation for a period of five years. The five-year term consisted of the middle term of four years on count 5, plus a consecutive one-year term on count 1, and concurrent terms on counts 2, 3, 4, and 6.

Defendant subsequently violated the law by possessing controlled substances in 2006 and 2007, and criminal charges were filed in two separate cases. In case No. RIF136312, defendant was charged with one count of possession of methamphetamine for sale (Health & Saf. Code, § 11378) with a prior drug sale conviction (Health & Saf. Code, § 11370.2, subd. (c)). The complaint further alleged that defendant had suffered two prior serious or violent felony convictions (§§ 667, subds. (c) & (e)(2)(A), 1170.12, subd. (c)(2)(a)). In case No. RIF136661, defendant was charged with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and possession of marijuana (Health & Saf. Code, § 11357, subd. (b)). The complaint further alleged that defendant had suffered two prior serious or violent felony convictions (§§ 667, subds. (c) & (e)(2)(A), 1170.12, subd. (c)(2)(a)). Defendant subsequently pled guilty to the possession of methamphetamine charges in the two cases and admitted one of the prior conviction allegations. In return, the remaining allegations were dismissed.

On April 29, 2008, the trial court revoked defendant's probation in this case for violating the law. Defendant was thereafter sentenced in all three cases to an aggregate term of 10 years as follows. In case No. RIF136312, to the upper term

3

of three years, doubled to six years under the "Three Strikes" law, plus a consecutive one-third of the middle term of four months, doubled to eight months under the Three Strikes law in case No. RIF136661, plus a consecutive total term of three years four months in case No. SWF002769. Defendant's sentence in case No. SWF002769 consisted of one-third of the middle term or one year on count 1, 16 months on count 4, and one year on count 6.

On February 24, 2012, the California Department of Corrections and Rehabilitation sent a letter notifying the court that defendant's consecutive term on count 6 in case No. SWF002769 had to be a full middle term of three years pursuant to section 1170.15, and therefore defendant should have received three years for that conviction rather than one year.

On June 5, 2012, the trial court modified defendant's sentence in case No. SWF002769 and imposed a full middle term of three years on count 6, for a total term of five years four months, and an aggregate term for all three cases of 12 years. This appeal followed.

II

DISCUSSION

A.      *Sentence in Case No. SWF002769*

Defendant contends that the trial court lacked jurisdiction to modify his sentence in case No. SWF002769 following revocation of his probation. He therefore claims that his sentence in case No. SWF002769 should have been two years four months with a

4

total aggregate sentence in all three cases of nine years.  The People correctly concede the error.

When a prison sentence is imposed but execution of the sentence is suspended and a defendant is placed on probation, the trial court must order the original sentence into full force and effect if probation is revoked.  (§ 1203.2; Cal. Rules of Court, rule 4.435(b)(2).)  A trial court may not increase or decrease the prison term of a sentence that is simply unexecuted.  (*People v. Howard* (1997) 16 Cal.4th 1081, 1089 (*Howard*).)

In *Howard*, our Supreme Court explained, "[o]n revocation of probation, if the court previously had imposed sentence, the sentencing judge must order that exact sentence into effect."  (*Howard*, *supra*, 16 Cal.4th at p. 1088.)  "[I]f the court has actually imposed sentence, and the defendant has begun a probation term representing acceptance of that sentence, then the court has no authority, on revoking probation, to impose a lesser sentence at the precommitment stage."[2]  (*Id*. at p. 1095.)

The *Howard* court focused on the "important distinction, in probation cases, between orders suspending imposition of sentence and orders suspending execution of previously imposed sentences."  (*Howard*, *supra*, 16 Cal.4th at p. 1087.)  When a court *suspends* imposition of a sentence before placing a defendant on probation, the court has full sentencing discretion upon revoking probation.  (*Ibid*.)  By contrast, when a court imposes a sentence but suspends its *execution* pending a term of probation, on revocation

---

[2] We note that a trial court exceeds its jurisdiction when it mitigates or aggravates a previously imposed but suspended sentence at the time probation is revoked.  (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1425-1427 (*Ramirez*).)

and termination of probation the sentencing judge must order that exact sentence into effect, subject to its possible recall under section 1170, subdivision (d), *after* the defendant has been committed to state prison.  (*Howard*, *supra*, 16 Cal.4th at p. 1088.)  This result is compelled by statutory language in section 1203.2, subdivision (c), which provides in relevant part that upon termination of probation, "if the judgment has been pronounced and the execution thereof has been suspended, the court may revoke the suspension and order that the judgment shall be in full force and effect."[3]

The court also has no authority to impose a greater sentence.  This principle was recognized in *Ramirez*, *supra*, 159 Cal.App.4th 1412.  There, the trial court imposed a four-year prison sentence but suspended its execution pending a period of probation.  After the defendant was rearrested for a probation violation, the court reinstated probation but increased the suspended prison term to five years.  Citing *Howard*, *supra*, 16 Cal.4th 1081, the appellate court concluded that the trial court lacked authority to increase the four-year suspended sentence.  (*Ramirez, supra*, 159 Cal.App.4th at pp. 1424-1425.)

---

[3]  The *Howard* court addressed the contention that inclusion of the word "may" in section 1203.2, subdivision (c), affords the court discretion to reduce a previously imposed sentence.  (*Howard*, *supra*, 16 Cal.4th at p. 1094.)  The court rejected the argument, reasoning that the statute merely gives the trial court discretion to revoke or reimpose the suspension of the previously imposed sentence.  If suspension is revoked and a prison commitment is ordered, however, the statute mandates that the previously suspended judgment shall "'be in full force and effect.'"  (*Ibid*.)

6

Here, defendant's original sentence was imposed pursuant to a negotiated disposition in which defendant pled guilty in exchange for a suspended five-year term as a condition of the plea. The trial court accepted the plea bargain and imposed sentence pursuant to the plea agreement. Having done so, the trial court lacked jurisdiction to subsequently alter the terms of the plea bargain. (*Howard*, *supra*, 16 Cal.4th at p. 1088, 1095; *People v. Ames* (1989) 213 Cal.App.3d 1214, 1217.) Accordingly, we conclude the trial court lacked jurisdiction to modify defendant's sentence in case No. SWF002769 imposing a greater term upon terminating probation. The court was obliged to order into execution the previously imposed but suspended term subject to computation as noted below when it sentenced defendant following revocation and termination of probation.

"[W]hen a defendant is sentenced consecutively for multiple convictions, whether in the same proceeding or in different proceedings, the judgment or aggregate determinate term is to be viewed as interlocking pieces consisting of a principal term and one or more subordinate terms. (§ 1170.1, subd. (a).)" (*People v. Begnaud* (1991) 235 Cal.App.3d 1548, 1552.)

"As a general rule, a sentence lawfully imposed may not be modified once a defendant is committed and execution of his sentence has begun. [Citations.]" "However, section 1170.1, subdivision (a) represents a statutory exception to the general rule . . . ." (*People v. Bozeman* (1984) 152 Cal.App.3d 504, 507 (*Bozeman*).)

Section 1170.1, subdivision (a), provides in pertinent part that when a person is convicted of two or more felonies, "whether in the same proceeding or court or in

7

different proceedings or courts," and a consecutive term of imprisonment is imposed, "the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements . . . . The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed . . . ."

California Rules of Court, rule 4.452, provides, in relevant part, as follows:

"If a determinate sentence is imposed under section 1170.1(a) consecutive to one or more determinate sentences imposed previously in the same court or in other courts, the court in the current case must pronounce a single aggregate term, as defined in section 1170.1(a), stating the result of combining the previous and current sentences. In those situations: [¶] . . . [¶] (3) *Discretionary decisions of the judges in the previous cases may not be changed by the judge in the current case. Such decisions include the decision to impose one of the three authorized prison terms referred to in section 1170(b)*, making counts in prior cases concurrent with or consecutive to each other, or the decision that circumstances in mitigation or in the furtherance of justice justified striking the punishment for an enhancement." (Italics added.)

In the instant matter, when the trial court sentenced defendant to an aggregate term, it chose defendant's conviction in case No. RIF136312 as the principal term, and

8

properly treated defendant's suspended sentence in case No. SWF002769 as the subordinate term. However, instead of recalculating the initial suspended sentence to reflect one-third the middle terms for counts 1 and 5, it imposed consecutive one-third middle terms for counts 1, 4 and 6. The trial court therefore erred, even though the trial court may not have been aware of how the suspended sentence was initially imposed. Accordingly, we will modify defendant's sentence in case No. SWF002769 to a total term of two years four months (one-third the middle term of four years on count 5 and one-third the middle term of three years on count 1) to run consecutively to the sentence in case No. RIF136312. (See *In re Harris* (1993) 5 Cal.4th 813, 842 [Appellate court may correct a sentence that is not authorized by law whenever the error comes to its attention.].)

B.    *Correction of Abstract of Judgment*

Defendant also contends, and the People correctly concede, that the abstract of judgment in case No. SWF002769 must be amended to reflect that defendant was convicted of an assault by means of force likely to cause great bodily injury and not an assault with a deadly weapon. We also agree.

Defendant was charged with, and pled guilty to, assault with force likely to cause great bodily injury. However, the abstracts of judgment from 2008 and 2012 incorrectly note defendant's conviction on count 3 in case No. SWF002769 as an assault with a deadly weapon. The abstracts of judgment must therefore be corrected accordingly.

9

III

DISPOSITION

The judgment is modified to impose a total term of two years four months (one-third the middle term of four years on count 5 and one-third the middle term of three years on count 1) in case No. SWF002769 to run consecutively to the sentence in case No. RIF136312, for a total aggregate prison term in all three cases of nine years.

Additionally, the abstract of judgment is modified to reflect that defendant was convicted of assault with force likely to cause great bodily injury on count 3 in case No. SWF002769.

The clerk of the superior court is directed to prepare an amended abstract of judgment in accordance with this disposition and forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

McKINSTER
J.

10