[No. A115138. First Dist., Div. Three. Feb. 11, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANCISCO RAMIREZ, Defendant and Appellant.

1416

## COUNSEL

Paul F. DeMeester, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Dorian Jung and Lisa Ashley Ott, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**McGUINESS, P. J.**—After appellant Francisco Ramirez pleaded guilty in 2003 to selling cocaine base, the trial court sentenced him to four years in state prison, suspended execution of the sentence, and placed him on probation. In 2004, appellant admitted a probation violation as part of a plea agreement that allowed him to remain on probation but increased his previously imposed, unexecuted sentence from four to five years. In 2006, the trial court found that appellant had violated the terms of his probation, terminated his probation, and ordered him to serve the five-year prison term that had been imposed but suspended in 2004.

On appeal, appellant challenges his five-year sentence, claiming the trial court lacked authority to modify his original four-year sentence. Although we conclude the trial court exceeded its jurisdiction by increasing appellant's sentence, we also conclude that appellant is not entitled to relief under the circumstances presented here. First, because appellant agreed to the increased sentence as part of a plea bargain, he cannot be heard to complain that the court exceeded its jurisdiction by imposing the modified sentence. Second, his challenge is untimely because he did not appeal from the order imposing the increased sentence. Accordingly, we affirm.

## Factual and Procedural Background

On November 8, 2002, the San Francisco County District Attorney filed a two-count information charging appellant with the sale of cocaine base (Health & Saf. Code, § 11352, subd. (a)) and with possession for sale of cocaine base (Health & Saf. Code, § 11351.5). The information contained a number of additional allegations rendering appellant ineligible for probation and imposing three-year sentence enhancements as to each count as a result of appellant's prior drug-related convictions. (See Pen. Code,[1] §§ 1203.07, subd. (a)(11) [ineligible for probation], 1203.073, subd. (b)(7) [same]; Health & Saf. Code, §§ 11370, subds. (a), (c) [ineligible for probation], 11370.2 [additional three-year term].)

Appellant pleaded guilty on June 16, 2003, to selling cocaine base. (Health & Saf. Code, § 11352, subd. (a).) On July 24, 2003, the trial court sentenced appellant to the midterm of four years in state prison, suspended execution of the sentence, and placed him on probation for a period of three years on specified terms and conditions. The record on appeal contains no indication that he appealed from the court's order.

On October 24, 2003, appellant admitted a probation violation for drug-related loitering. The court reinstated appellant on probation with an added condition that he serve 90 days in jail. The additional jail time was stayed for six months, with the stay to become permanent if no new criminal cases were filed against appellant during that time.

The district attorney moved to revoke appellant's probation on March 29, 2004, based on appellant's arrest for forcible sexual penetration, forcible rape, and harm to an elder or dependent adult. According to the police report of the incident, appellant had assaulted and raped a 73-year-old woman in his hotel room in San Francisco. Appellant denied the allegation.

On December 17, 2004, pursuant to a negotiated disposition, appellant admitted to having violated the terms of his probation.[2] The court reinstated

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Appellant did not admit he had committed the alleged sexual assault. Rather, through his counsel, appellant stated he was not confessing or admitting as true the sexual assault allegations but that he was "willing to say that in general within that [probation] report the Court can find a violation of probation," suggesting to the court that the report contained allegations of drug use. The court made a finding that appellant violated the terms of his probation by using drugs.

probation on the original terms and conditions with the added condition that appellant serve 268 days in county jail, with credit for 268 days served. Appellant was also to stay away from the victim of the sexual assault. Appellant entered a *Blakely*[3] waiver, giving up his right to a jury trial on any sentencing factors that might warrant an upper term sentence. He admitted that his performance on probation or parole had been unsatisfactory for purposes of imposing the upper term on his 2003 conviction for selling cocaine base. As agreed by the parties to the negotiated disposition, the trial court increased appellant's sentence for selling cocaine base from the middle term of four years to the upper term of five years. (See Health & Saf. Code, § 11352, subd. (a).) The execution of the sentence remained suspended. There is nothing in the record to indicate appellant appealed from the court's December 2004 order.

After being released from jail on December 17, 2004, appellant called his ex-girlfriend, Sonya Baisden. He told her he was "out" and asked if she would pay for his taxi. She told him she would pay for his taxi but "that's all." When appellant arrived at Baisden's residence, she started to go downstairs to pay for his taxi. She ran back up the stairs when she saw that appellant had entered the building and was coming up to her room. Appellant entered Baisden's room and said something to her guests, who quickly left. Appellant locked the deadbolt on the door.

Earlier that day, Baisden had purchased a package of steak knives, which were on her bed. Appellant grabbed a knife from the package and began stabbing Baisden in her abdomen and thighs. When the knife blade broke off inside Baisden, appellant grabbed a second steak knife and began to stab her in the thighs and shoulder. The second knife also broke off inside Baisden's body. Before leaving, appellant grabbed the last two knives and slashed Baisden's face. The assault left scars across Baisden's face and diminished vision in her left eye.

On January 5, 2005, the district attorney moved to revoke appellant's probation based on the assault on appellant's former girlfriend. On July 13, 2006, following a contested probation revocation hearing, the court revoked appellant's probation based upon a finding that appellant had willfully violated the terms of his probation by stabbing Baisden. The court found that appellant was not amenable to probation supervision. Appellant's trial counsel sought a delay in sentencing to address the validity of the trial court's order of December 17, 2004, which had increased appellant's sentence from

---

[3] *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403, 124 S.Ct. 2531].

four to five years. The trial court continued the hearing and allowed the parties to brief the issue.

At a hearing on August 10, 2006, the trial court reiterated its order revoking probation. The court also announced its conclusion that it had jurisdiction to increase appellant's ESS (execution of sentence suspended) sentence on December 17, 2004, reasoning that it had authority to do so before appellant was rearrested on the current probation violation. Accordingly, the court ordered into execution the five-year prison term that had been imposed but suspended in December 2004 pursuant to the parties' agreement. The court awarded custody credits totaling 1,281 days. Appellant filed a notice of appeal on September 1, 2006.

## DISCUSSION

Appellant raises three claims on appeal. First, he contends the trial court had no authority to revoke his probation and modify his sentence on December 17, 2004, because he made no admission of any probation violation. The thrust of his argument is that he did not admit the sexual assault charge, and there is no other factual basis in the probation report to support an order revoking his probation. Second, he argues the court had no authority to increase his sentence from four to five years on December 17, 2004, because his four-year sentence was final and not subject to modification. Third, he contends the court erred on December 17, 2004, by imposing the upper term of five years on his 2003 conviction for selling cocaine base, because his waiver of the right to a jury trial on factors supporting an aggravated sentence was legally inadequate.

All of appellant's contentions relate to the court's order of December 17, 2004. Appellant does not directly challenge the August 2006 order revoking probation and ordering execution of his sentence, other than to claim that the previously imposed five-year term of imprisonment is an unauthorized sentence. The People argue that appellant's claims are untimely and should have been raised, if at all, in an appeal from the December 2004 order. We address the timeliness argument at the outset because it is potentially dispositive.

### 1. *Timeliness*

A criminal appeal must generally be filed within 60 days of the making of the order being appealed. (Cal. Rules of Court, rule 8.308(a).) "A timely notice of appeal, as a general matter, is 'essential to appellate

jurisdiction.' [Citation.]" (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094 [81 Cal.Rptr.2d 301, 969 P.2d 146].) Here, there is no dispute that the August 2006 order revoking probation and directing execution of appellant's sentence is appealable and that appellant filed a timely appeal from that order. The issue is whether appellant's challenge to the December 2004 order is cognizable in this appeal from an August 2006 order.

▪ An order granting probation and imposing sentence, the execution of which is suspended, is an appealable order. (§ 1237, subd. (a); cf. *People v. Preyer* (1985) 164 Cal.App.3d 568, 576 [210 Cal.Rptr. 807]; *People v. Chagolla* (1984) 151 Cal.App.3d 1045, 1049 [199 Cal.Rptr. 181].) An order modifying the terms of probation is likewise appealable because it is an order following judgment that affects the substantial rights of the defendant. (§ 1237, subd. (b); see *People v. Douglas* (1999) 20 Cal.4th 85, 91 [82 Cal.Rptr.2d 816, 972 P.2d 151]; *In re Bine* (1957) 47 Cal.2d 814, 817 [306 P.2d 445].)

▪ In general, an appealable order that is not appealed becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment. (See *In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1150 [65 Cal.Rptr.2d 913]; cf. Code Civ. Proc., § 906.) Thus, a defendant who elects not to appeal an order granting or modifying probation cannot raise claims of error with respect to the grant or modification of probation in a later appeal from a judgment following revocation of probation. (See *People v. Preyer, supra*, 164 Cal.App.3d at p. 576; *People v. Chagolla, supra*, 151 Cal.App.3d at p. 1049; see also *People v. Munoz* (1975) 51 Cal.App.3d 559, 563 [124 Cal.Rptr. 322]; *People v. Howard* (1965) 239 Cal.App.2d 75, 77 [48 Cal.Rptr. 443].) As relevant here, when a court imposes sentence but suspends its execution at the time probation is granted, a defendant has the opportunity to challenge the sentence in an appeal from the order granting probation. (*People v. Amons* (2005) 125 Cal.App.4th 855, 868–869 [22 Cal.Rptr.3d 908].) If the defendant allows the time for appeal to lapse during the probationary period, the sentence becomes final and unappealable. (*Id.* at p. 869.) This is so regardless of the fact the defendant will not serve the sentence unless the court revokes and terminates probation before the probationary period expires.

The trial court's order of December 17, 2004, which modified the terms of probation and imposed but suspended execution of an increased sentence, was plainly an appealable order. Appellant does not contend otherwise. To the extent appellant challenges the December 2004 order modifying the terms of his probation and sentence, he should have raised those claims in a timely appeal from that order. He did not do so. As a consequence, his challenge to the December 2004 order appears to be untimely.

Notwithstanding his failure to appeal from the December 2004 order, appellant contends his appeal is timely, relying upon the rule that "[l]ack of jurisdiction may be raised at any time." (*State Compensation Ins. Fund v. Brown* (1995) 32 Cal.App.4th 188, 198, fn. 3 [38 Cal.Rptr.2d 98].) He argues in substance that he may challenge his modified five-year sentence on appeal from the August 2006 judgment, even though the sentence was imposed in a December 2004 order from which he did not appeal, because the court lacked jurisdiction to increase his original four-year sentence after its formal entry into the minutes in October 2003. In order to assess appellant's claim, we must consider the nature of the asserted jurisdictional error.

■ Our Supreme Court has explained that "jurisdictional errors are of two types. 'Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' [Citation.]" (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660 [16 Cal.Rptr.3d 76, 93 P.3d 1020].) The term "lack of jurisdiction" may also be applied when the court possesses jurisdiction over the subject matter and parties in the fundamental sense but " 'has no "jurisdiction" (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites.' [Citation.]" (*Id.* at p. 661.) "When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is *void*, and 'thus vulnerable to direct or collateral attack at any time.' [Citation.]" (*Id.* at p. 660, italics added.) By contrast, when a court has fundamental jurisdiction to act but acts in excess of jurisdiction, its actions are merely *voidable*, "[t]hat is, its act or judgment is valid until it is set aside, and a party may be precluded from setting it aside by 'principles of estoppel, disfavor of collateral attack or res judicata.' [Citation.]" (*Id.* at p. 661.) Whereas a lack of fundamental jurisdiction may be raised at any time, a challenge to a ruling in excess of jurisdiction is subject to forfeiture if not timely asserted. (*People v. Mower* (2002) 28 Cal.4th 457, 474, fn. 6 [122 Cal.Rptr.2d 326, 49 P.3d 1067].) In the absence of exceptional circumstances, a party has no right to attack a voidable judgment long after it is final. (*People v. Allegheny Casualty Co.* (2007) 41 Cal.4th 704, 716, fn. 7 [61 Cal.Rptr.3d 689, 161 P.3d 198].)

We are guided in our analysis by the decision in *People v. Thomas* (1959) 52 Cal.2d 521 [342 P.2d 889], in which the Supreme Court considered an appeal from an order denying a motion to vacate a judgment imposing a sentence different from that originally pronounced. Ordinarily, no appeal lies from an order denying a motion to vacate a judgment of conviction on a ground that could have been reviewed on appeal from the judgment. (*Id.* at p. 527.) Nevertheless, the court in *People v. Thomas* held that the remedy sought by the defendant was available because the basis of the attack was that the trial court's order was void for lack of fundamental jurisdiction to modify

the sentence. (*Id.* at p. 528.) The court observed that the determination of whether the order was appealable depended upon its decision on the merits of the appeal, i.e., upon "whether there was indeed a jurisdictional defect." (*Id.* at p. 529.)

Although the appeal here is not from an order denying a motion to vacate a judgment, we face much the same situation as the court in *People v. Thomas*. There, it was necessary to resolve the merits of the appeal in order to determine whether the order was appealable. Likewise, our determination of whether appellant's challenge to the December 2004 order is cognizable on appeal from the August 2006 judgment turns upon our examination of the merits of the appeal, i.e., whether the court's December 2004 order suffers from a fundamental jurisdictional defect. In order to answer this question, we first address whether the court was authorized to increase appellant's sentence. If the court had authority to aggravate appellant's sentence during the probationary period, then appellant's claim fails and our analysis is at an end. As explained below, we conclude the court lacked authority to increase appellant's sentence. As a consequence, we must address the further question of whether the court fundamentally lacked jurisdiction to act or merely exceeded its jurisdiction. If the court had fundamental jurisdiction to act but exceeded that jurisdiction by increasing appellant's sentence, then appellant forfeited his challenge to the sentence by failing to appeal from the December 2004 order.

### 2. *Authority to increase sentence during probationary period*

Appellant contends the trial court had no authority to increase his initial, four-year sentence after the period to appeal expired and it became a final judgment. We agree.

■ "Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced. [Citations.] Where the trial court relinquishes custody of a defendant, it also loses jurisdiction over that defendant. [Citation.] If, however, the trial court 'retains in itself the actual or constructive custody of the defendant and the execution of his sentence has not begun,' the court may vacate and modify the sentence. [Citations.]" (*People v. Karaman* (1992) 4 Cal.4th 335, 344 [14 Cal.Rptr.2d 801, 842 P.2d 100].) Once a sentence has been formally entered in the minutes but before its execution has begun, a court's power to modify the sentence is restricted in that the court retains the power to *mitigate* a defendant's prison term but lacks authority to *increase* the sentence. (*Id.* at p. 350.) This restriction on the court's authority to modify a sentence stems from a concern that increasing a defendant's

sentence after its formal entry in the minutes would implicate double jeopardy principles. (*Id.* at p. 350, fn. 16.)

■ The general rule depriving the trial court of jurisdiction to resentence a defendant after execution of the sentence has begun is subject to certain exceptions. A limited statutory exception is found in section 1170, subdivision (d), which allows the sentencing court to recall a sentence either upon the court's own motion within 120 days of the date the defendant is committed to prison, or at any time upon the recommendation of the Director of Corrections or the Board of Parole Hearings. In such a case, the court may resentence the defendant subject to the condition that the new sentence is no greater than the initial sentence. (*Ibid.*) In addition, trial courts have authority to correct clerical errors affecting sentences as well as the obligation to correct a sentence that is unauthorized by law. (*People v. Roe* (1983) 148 Cal.App.3d 112, 116 [195 Cal.Rptr. 802].) Indeed, when a court imposes a shorter term of imprisonment than is required by law, the sentence is legally unauthorized and may be increased even after execution of the sentence has begun. (*People v. Karaman, supra,* 4 Cal.4th at p. 349, fn. 15.)

■ Here, we are concerned with the trial court's power to modify a sentence when a defendant has been placed on probation, a situation addressed by our Supreme Court in *People v. Howard* (1997) 16 Cal.4th 1081 [68 Cal.Rptr.2d 870, 946 P.2d 828] (*Howard*). The *Howard* court began by noting the "important distinction, in probation cases, between orders suspending imposition of sentence and orders suspending execution of previously imposed sentences." (*Id.* at p. 1087.) When a court suspends imposition of sentence before placing a defendant on probation, the court has full sentencing discretion upon revoking probation. (*Ibid.*) By contrast, when a court imposes a sentence but suspends its execution pending a term of probation, on revocation and termination of probation the sentencing judge must order that exact sentence into effect, subject to its possible recall under section 1170, subdivision (d), *after* the defendant has been committed to state prison. (16 Cal.4th at p. 1088; § 1203.2, subd. (c).)

■ The defendant in *Howard* claimed the trial court had discretionary authority upon revoking her probation to reduce the previously imposed but suspended term of imprisonment. (*Howard, supra,* 16 Cal.4th at p. 1086.) The Supreme Court rejected the defendant's claim, holding that "if the court has actually imposed sentence, and the defendant has begun a probation term representing acceptance of that sentence, then the court has no authority, on revoking probation, to impose a lesser sentence at the precommitment stage." (*Id.* at p. 1095.) Although the *Howard* court specifically held that a court has no power to *reduce* a previously imposed but suspended sentence, an issue the court had not previously addressed, the court noted it had explained in

earlier decisions that courts have no jurisdiction to *increase* a sentence after its formal entry into the court minutes. (*Id.* at p. 1089.) Thus, *Howard* stands for the proposition that a trial court has no power at the precommitment stage to aggravate or mitigate a previously imposed sentence after a probationer is rearrested on a probation violation.

The trial court below imposed a sentence of four years but suspended execution of the sentence pending a period of probation. The court believed it had the authority under *Howard* to increase the sentence, relying upon a passage in the decision that discusses the power under section 1203.3 to modify the order suspending imposition or execution of sentence at any time before the defendant's rearrest on a probation violation. (See *Howard, supra,* 16 Cal.4th at pp. 1092–1093.) The court apparently reasoned that it increased appellant's sentence before he was rearrested on the probation violation that resulted in the order directing execution of the sentence. The People urge that the trial court's reading of *Howard* was proper. We disagree. Section 1203.3 does not apply after a probationer is rearrested on a probation violation. (§§ 1203.2, 1203.3, subd. (e); see also *Howard, supra,* 16 Cal.4th at p. 1094.) Instead, when a probationer is rearrested, the governing statute is section 1203.2, which compels a court upon termination of probation to order into effect the sentence previously imposed but suspended. (§ 1203.2, subd. (c).) The court here increased appellant's sentence after his rearrest on a probation violation. It is immaterial that the court increased the sentence before yet another rearrest that resulted in appellant's commitment to prison.[4]

We conclude the trial court lacked authority to modify appellant's four-year term of imprisonment after he was rearrested on a probation violation. No such modification is permitted under the governing statute. (§ 1203.2, subd. (c).)

### 3. *Fundamental lack of jurisdiction versus excess of jurisdiction*

Having concluded the trial court lacked authority to increase appellant's sentence, we must determine whether the court lacked fundamental

---

[4] It is also unclear whether a trial court has power to increase an imposed but suspended sentence under section 1203.3, even when that statute governs. The Supreme Court in *Howard* stated that section 1203.3 "may in some situations allow a reduction of sentence previously imposed and suspended during probation . . . ." (*Howard, supra,* 16 Cal.4th at p. 1094.) The court did not specifically address whether section 1203.3 allows an increase in a previously imposed sentence, although its statement could be interpreted to mean that section 1203.3 permits only a reduction but not an increase in a sentence. Further, allowing a court to increase a sentence pursuant to section 1203.3 would violate the general rule that a court may not increase a sentence after its formal entry into the minutes. (See *Howard, supra,* 16 Cal.4th at p. 1089; *People v. Karaman, supra,* 4 Cal.4th at p. 350.)

jurisdiction to act or simply exceeded its jurisdiction by increasing appellant's sentence. As noted above, " '[l]ack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' [Citation.]" (*People v. American Contractors Indemnity Co., supra*, 33 Cal.4th at p. 660.) By contrast, when a court has jurisdiction of the subject matter and the parties, actions in substantial disregard of constitutional or statutory limitations, or that deny fundamental rights or defenses, are acts in excess of jurisdiction. (4 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Jurisdiction and Venue, § 7, p. 93.)

█ During the probationary period, a trial court has continuing jurisdiction over a defendant. (See *Howard, supra*, 16 Cal.4th at p. 1092; *People v. Karaman, supra*, 4 Cal.4th at p. 345.) "As long as the trial court retains in itself the actual or constructive custody of the defendant and the execution of his sentence has not begun, it retains jurisdiction over the defendant and the res of the action . . . ." (*In re Black* (1967) 66 Cal.2d 881, 888 [59 Cal.Rptr. 429, 428 P.2d 293]; see also *People v. Karaman, supra*, 4 Cal.4th at p. 345 [court retains jurisdiction over defendant and res of action until it delivers defendant to prison authority].)

The analysis in *In re Griffin* (1967) 67 Cal.2d 343 [62 Cal.Rptr. 1, 431 P.2d 625] is instructive. There, the defendant sought a one-month continuance of a probation revocation hearing. The court granted a 28-day continuance, to a date that was—unknown to the court or counsel—beyond the expiration of the probationary period. The defendant claimed the trial court lacked fundamental jurisdiction to revoke probation after the probationary period had expired. (*Id.* at p. 345.) The defendant relied in part on authority establishing that a court " 'loses jurisdiction or power to make an order revoking or modifying the order suspending the imposition of sentence or the execution thereof and admitting the defendant to probation after the probationary period has expired.' [Citations.]" (*Id.* at p. 346.) The Supreme Court concluded the trial court did not lack fundamental jurisdiction, reasoning that "[t]he jurisdictional concept involved in the cases holding that the court is without power to revoke probation after the end of the probationary term is not lack of jurisdiction of the cause but excess of jurisdiction. [Citations.] Neither the probation statutes nor the cases applying them support a holding that expiration of the probationary period terminates the court's jurisdiction of the subject matter. The statutes themselves contemplate that such fundamental jurisdiction continues, for they provide for the court's determination of certain matters after the end of the probationary term." (*Id.* at p. 347, fn. omitted.)

If a court has fundamental jurisdiction over a cause and a defendant even after the probationary term expires, then surely it has such jurisdiction during

the term of probation. In this case, the trial court had fundamental jurisdiction over appellant and the subject matter of the action until he was surrendered to prison officials and execution of his sentence commenced. Although the court lacked authority to modify appellant's sentence upon termination of probation, the sentencing restrictions placed upon the court were "wholly statutory" in nature. (*Howard, supra,* 16 Cal.4th at p. 1092 [authority to grant probation and suspend imposition or execution of sentence is wholly statutory].) Thus, by failing to heed the statute that precluded it from modifying appellant's sentence (§ 1203.2, subd. (c)), the court merely exceeded its jurisdiction but did not lack jurisdiction in any fundamental sense over appellant or the subject matter.

### 4. *Forfeiture and estoppel*

"The distinction between a lack of jurisdiction over the cause and an act in excess of jurisdiction has significant consequences. For instance, subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel. [Citation.]" (*People v. National Automobile & Casualty Ins. Co.* (2000) 82 Cal.App.4th 120, 125 [97 Cal.Rptr.2d 858].) By contrast, when a court possesses subject matter jurisdiction, "a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction. [Citations.]" (*In re Griffin, supra,* 67 Cal.2d at p. 347.) In addition, objections to acts in excess of a court's jurisdiction may be subject to bars including waiver (the intentional relinquishment of a known right) and forfeiture (the loss of a right through failure of timely assertion). (*People v. Mower, supra,* 28 Cal.4th at p. 474, fn. 6.)

As a consequence of our conclusion that the trial court merely exceeded its jurisdiction but did not lack fundamental jurisdiction to act, appellant's claim that the court exceeded its jurisdiction fails for two distinct reasons. First, as discussed previously, appellant forfeited his challenge to the December 2004 order by failing to seek a timely appeal from that order.[5] Second, because

---

[5] Because we conclude appellant's claims are untimely, we need not address the particular claims of error with respect to the December 2004 order, including the claim there was insufficient evidence to support an order revoking his probation and the claim that the jury waiver was inadequate. Further, even if appellant had timely appealed from the December 2004 order, issues affecting the validity of his plea would not have been cognizable on appeal unless he had obtained a certificate of probable cause from the trial court. (§ 1237.5; *People v. Billetts* (1979) 89 Cal.App.3d 302, 305–306 [152 Cal.Rptr. 402] [principles precluding appeal from guilty plea apply equally to judgment following admission of probation violation].) Thus, his claims challenging the validity of his plea are not only untimely but also fail for lack of a certificate of probable cause. (But see *People v. Loera* (1984) 159 Cal.App.3d 992, 997–998 [206 Cal.Rptr. 60] [no certificate of probable cause required when appeal challenges judgment void as a result of jurisdictional defect].)

appellant agreed to the five-year sentence as part of a plea deal in which he admitted a probation violation, he is estopped to complain that the court exceeded its jurisdiction.[6] (See *In re Griffin, supra,* 67 Cal.2d at pp. 347–348.)

The rationale justifying application of estoppel is that "defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process." (*People v. Hester* (2000) 22 Cal.4th 290, 295 [92 Cal.Rptr.2d 641, 992 P.2d 569].) In exchange for agreeing to increase his suspended sentence by one year, appellant received the benefit of being reinstated on probation and released from custody. Having accepted the benefits of his plea, he should not now be able to better the bargain by scaling back the increased sentence that was a fundamental component of the plea deal.

■ Whether a defendant is estopped to complain about an act in excess of jurisdiction "depends on the importance of the irregularity not only to the parties but to the functioning of the courts and in some instances on other considerations of public policy." (*In re Griffin, supra,* 67 Cal.2d at p. 348.) We discern no public policy that would be served by allowing appellant to challenge his sentence after he had already enjoyed the benefits of the plea bargain giving rise to his sentence. We are mindful that the common law rule preventing a court from increasing a sentence after its formal entry into the minutes stems from a concern that such actions may implicate double jeopardy concerns. (*People v. Karaman, supra,* 4 Cal.4th at p. 350, fn. 16.) ■ However, when a defendant agrees to the increased sentence as part of a plea bargain, he may not complain that he has been placed in jeopardy again for the same offense. By agreeing to the increased sentence, a defendant necessarily waives the right to assert the defense of double jeopardy. (See *People v. Williams* (1999) 21 Cal.4th 335, 343–344 [87 Cal.Rptr.2d 412, 981 P.2d 42] [double jeopardy defense subject to forfeiture]; *People v. Morales* (2003) 112 Cal.App.4th 1176, 1185 [5 Cal.Rptr.3d 615] [failure to plead double jeopardy constitutes waiver].)

■ In sum, appellant forfeited his claims on appeal by failing to timely assert them. Further, because appellant consented to the increased sentence as part of a plea bargain, he is estopped to complain that the court exceeded its jurisdiction by imposing the modified sentence.

---

[6] We do not suggest that appellant would have been estopped from raising other challenges in a timely appeal from the court's December 2004 order. For example, if he had timely appealed and secured a certificate of probable cause, his claim that there was no factual basis in the record for the plea would have been cognizable on appeal. However, even if appellant had timely appealed and secured a certificate of probable cause, he would have been estopped to complain on appeal that the trial court exceeded its jurisdiction by increasing his sentence pursuant to his plea agreement.

## DISPOSITION

The judgment is affirmed

Siggins, J., and Horner, J.,[*] concurred.

---

[*]Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.