Filed 7/15/21  P. v. Garrison CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEVE YOSHUN GARRISON,<br><br>    Defendant and Appellant. | H046358, H047344<br>(Santa Clara County<br> Super. Ct. No. 1777768) |

Pursuant to a negotiated plea agreement, appellant Steve Yoshun Garrison pleaded no contest to assault with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)).[1]  In accord with the plea agreement, the trial court suspended imposition of sentence and ordered Garrison to serve a three-year term of probation.  The court also ordered Garrison to pay a restitution fine and various fees and assessments.  Garrison did not appeal the trial court's order.  Later, the trial court found that Garrison had violated his probation and sentenced him to two years in state prison.  Garrison then filed his first notice of appeal.  The following year, Garrison sought relief under section 1237.2 in the

---

[1] Unspecified statutory references are to the Penal Code.

trial court from the restitution fine, fees, and assessments.  The trial court denied Garrison's request for relief in part, and Garrison filed a second notice of appeal.[2]

In this court and pursuant to both notices of appeal, Garrison contends that he is indigent and the trial court erred by refusing to stay or strike the restitution fine, fees, and assessments it imposed on him when it originally granted him probation.

For the reasons explained below, we decide that we do not have the authority to grant Garrison the remedy he seeks—namely, an order that all fees and assessments previously imposed be stricken and the restitution fine stayed.  Garrison failed to timely appeal the trial court order initially imposing the challenged restitution fine, fees, and assessments and therefore we lack jurisdiction to review it.  As to Garrison's first appeal (No. H046358), we affirm the judgment because he has not asserted any claim of error regarding his violation of probation or sentence.  In his second appeal (No. H047344), Garrison has not raised any cognizable claim challenging the trial court's order on his request for relief under section 1237.2.  Therefore, we also affirm that order.

## I. FACTS AND PROCEDURAL BACKGROUND

In February 2018, the Santa Clara County District Attorney filed an information charging Garrison with one count of assault with a deadly weapon (a metal pipe).  (§ 245, subd. (a)(1); count 1).  The information also alleged Garrison personally used a dangerous and deadly weapon within the meaning of sections 667 and 1192.7.

On April 16, 2018, pursuant to a negotiated plea agreement, the district attorney amended the information to add a count of assault with force likely to produce great bodily injury (§ 245, subd. (a)(4); count 2).  Garrison then pleaded no contest to count 2 in exchange for nine months in county jail and three years of formal probation.  In the written plea agreement, Garrison initialed a provision that advised him of various fines

---

[2] We assigned case No. H046358 to Garrison's first appeal and case No. H047344 to his second appeal.  Thereafter we granted Garrison's motion to consider his two appeals together for the purposes of briefing, oral argument, and disposition.

2

and fees that could be ordered by the trial court. The provision included the statement "I do not contest my ability to pay these fines and fees."

Later, on May 4, 2018, Garrison failed to appear for his sentencing hearing. On June 1, 2018, Garrison appeared in propria persona for sentencing. The trial court suspended imposition of sentence and placed Garrison on three years' probation with nine months in county jail, which was deemed served. The trial court imposed a $300 restitution fine plus a 10 percent administrative fee (for a total of $330) (§ 1202.4); a $300 probation revocation restitution fine (§ 1202.44), which was stayed; a $40 court operations assessment (§ 1465.8); a $30 criminal conviction assessment (Gov. Code, § 70373); and a $129.75 criminal justice administration fee (Gov. Code, § 29550 et seq.). Garrison did not object and did not request a hearing on his ability to pay the fines, fees, and assessments. On the district attorney's motion, the trial court dismissed count 1 of the information. Garrison did not appeal any aspect of the trial court's June 1, 2018 order, including its imposition of fines, fees, and assessments.

In July 2018, the Santa Clara County Probation Department alleged that Garrison had violated his probation, and the trial court revoked his probation.

On August 13, 2018, the trial court heard evidence at a contested hearing on the alleged probation violations and found Garrison had violated his probation. The trial court sentenced Garrison to two years in state prison. The court imposed the previously stayed $300 probation revocation restitution fine (§ 1202.44) and imposed and suspended a $300 parole revocation restitution fine (§ 1202.45). In addition, the court ordered that the abstract of judgment "reflect all the fines and fees and assessments that were imposed when probation was originally granted" on June 1, 2018. Garrison again failed to object to or request a hearing on his ability to pay any of the fines, fees, and assessments.

On September 14, 2018, Garrison, acting in propria persona, filed a notice of appeal (first appeal). In his notice of appeal, Garrison checked two boxes beside preprinted statements describing the nature of his appeal. The first checked statement

3

(section 2.a.(3)) reads: "This appeal challenges the validity of the plea or admission." The other checked statement (section 2.b.(2)) reads: "This appeal is after a contested violation of probation." Garrison did not include in his notice of appeal the "date of the order or judgment" (capitalization omitted) that he was appealing. However, he did request a certificate of probable cause. The trial court denied the certificate of probable cause noting that it was "untimely" for challenging the validity of the plea and "[n]ot required" for challenging the violation of probation.[3]

On May 15, 2019, pursuant to section 1237.2, and relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) (decided in January 2019), Garrison requested that the trial court stay the $330 restitution fine and administrative fee (§ 1202.4, subd. (b)(1), (*l*)) and the $300 probation revocation restitution fine (§ 1202.44). He also asked the court to strike the $199.75 in total fees and assessments that had been imposed under section 1465.8 and Government Code sections 29550 et seq. and 70373.

On May 28, 2019, the trial court filed a letter/order in response to Garrison's motion under section 1237.2. The court said it would hold a hearing on Garrison's request for a stay of the probation revocation restitution fine based on his inability to pay, unless the parties were to stipulate that Garrison could not afford to pay that fine. The trial court otherwise denied Garrison's request for relief from the previously imposed restitution fine, fees, and assessments. The court stated, "As for those fines which were imposed by the original sentencing court in 2018, I am guided by the unpublished

---

[3] A contested violation of probation is appealable pursuant to section 1237, subdivision (b), without the need for a certificate of probable cause. (See *People v. Coleman* (1975) 13 Cal.3d 867, 871, fn. 1; cf. Cal. Rules of Court, rule 8.304(b)(1).) Likewise, "issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed" are appealable without a certificate for probable cause. (See *People v. Panizzon* (1996) 13 Cal.4th 68, 74; see also Cal. Rules of Court, rule 8.304(b)(4)(B) [no certificate of probable cause required for an appeal based on "[g]rounds that arose after entry of the plea and do not affect the plea's validity"].)

4

decision of the Sixth District Court of Appeal in *People v. Osuna* 2019 WL 1923685, finding that this court does not have jurisdiction to modify those orders since no timely appeal was made."

On June 17, 2019, the parties provided the trial court a stipulation based on evidence presented at the earlier probation violation hearing. The stipulation stated that Garrison "had been homeless for many years," "was not employed," and "suffers from a mental illness that appears to substantially impair his major life activities." In response, on June 25, 2019, the trial court filed an order staying the $300 probation revocation restitution fine (§ 1202.44) it had imposed when it sentenced Garrison in August 2018.

On July 26, 2019, Garrison filed a timely notice of appeal from the trial court's May 28, 2019 letter/order on his section 1237.2 motion that denied his request to stay the restitution fine and strike the fees and assessments (second appeal). In his notice of appeal, Garrison said he was "[a]ppeal[ing] from [an] [o]rder [a]fter judgment affecting [his] rights" under section 1237, subdivision (b).

In his opening brief to this court Garrison states regarding appealability: "This appeal follows a guilty plea and is limited to matters arising after the entry of the plea, within the meaning of California Rules of Court, rule 8.304(b)(4)(B). It is thus authorized by Penal Code section 1237."

## II.  DISCUSSION

Garrison contends that, because there is no dispute regarding his inability to pay the fines, fees, and assessments imposed on him, the trial court erred by refusing to stay or strike the restitution fine, fees, and assessments.[4]  Garrison grounds his claim of error on *Dueñas*, *supra*, 30 Cal.App.5th 1157, his constitutional right to due process, and the

---

[4] In his appellate briefing Garrison uses the term "fees" to include both the fees and assessments imposed by the trial court. Hereafter we will refer to the imposed fees and assessments collectively as "fees."

constitutional prohibition on excessive fines.  Garrison urges us to remedy the alleged error by ordering "that all fees imposed be stricken and the restitution fine stayed."

The Attorney General counters that this case should be dismissed because Garrison failed to timely file an appeal under section 1237, subdivision (a), after the restitution fine and fees were originally imposed on June 1, 2018.  Alternatively, the Attorney General concedes that, if Garrison's appeal is timely, "then the challenged fines and fees should be stricken and the restitution fine should be stayed."

We begin our analysis of Garrison's claim of error by examining the contested threshold issue of our jurisdiction to consider his challenge to the restitution fine and fees originally imposed in June 2018.

"A criminal appeal must generally be filed within 60 days of the making of the order being appealed.  [Citation.]  'A timely notice of appeal, as a general matter, is "essential to appellate jurisdiction." ' "  (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1420–1421 (*Ramirez*), quoting *People v. Mendez* (1999) 19 Cal.4th 1084, 1094 (*Mendez*); see also *People v. Slobodion* (1947) 30 Cal.2d 362, 365–366.)  "Unless the notice is actually or constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the merits of the appeal and must dismiss the appeal."  (*In re Jordan* (1992) 4 Cal.4th 116, 121.)

Crucially, Garrison raises his claim of error in appeals taken from his August 2018 sentencing (after having violated probation) and the May 2019 trial court order denying his motion pursuant to section 1237.2.[5]  For reasons we will explain, we decide that we

---

[5] Section 1237.2 provides: "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing.  The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of

lack jurisdiction to consider the sole substantive legal issue raised by Garrison in this court, which is in fact a challenge to the fines and fees the trial court imposed on June 1, 2018.  Because Garrison does not raise any cognizable claim of error with respect to either the judgment arising from the August 2018 sentencing and the trial court's May 2019 order, we affirm.

Our analysis of the timeliness of Garrison's appellate claim is informed by the Court of Appeal decision in *Ramirez*, *supra*, 159 Cal.App.4th 1412.  In that case, the trial court initially sentenced the defendant in 2003 to four years in prison, suspended execution of that sentence, and granted probation.  (*Id*. at p. 1418.)  In 2004, pursuant to a negotiated disposition, the defendant admitted a probation violation and probation was reinstated, but the court increased the defendant's unexecuted sentence from four years to five years.  (*Id*. at pp. 1418–1419.)  In 2006, the trial court found the defendant had violated his probation, terminated that probation, and executed the five-year sentence. (*Id*. at pp. 1419–1420.)  The defendant appealed the executed sentence, raising three claims that challenged earlier actions taken by the trial court in 2004; the defendant did not directly challenge the 2006 order from which he had appealed.  (*Id*. at p. 1420.)  The Court of Appeal agreed with the defendant that the trial court acted improperly in 2004 when it increased the defendant's unexecuted sentence.  (*Id*. at p. 1425.)  Nevertheless, the Court of Appeal concluded the defendant's appellate claims were untimely—and affirmed the judgment—because the defendant should have raised his claims in a timely appeal from the 2004 order.[6]  (*Id*. at p. 1421.)

_____

fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction.  This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."

[6] The Court of Appeal also concluded that the defendant was estopped from contending that the trial court exceeded its jurisdiction when issuing its 2004 order, because the defendant agreed to the five-year sentence as part of a plea bargain. (*Ramirez*, *supra*, 159 Cal.App.4th at pp. 1427–1428.)

In reaching its conclusion, the Court of Appeal explained: "In general, an appealable order that is not appealed becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment. [Citations.] Thus, a defendant who elects not to appeal an order granting or modifying probation cannot raise claims of error with respect to the grant or modification of probation in a later appeal from a judgment following revocation of probation." (*Ramirez*, *supra*, 159 Cal.App.4th at p. 1421.)

Here, in contrast to *Ramirez*, the trial court originally suspended imposition of sentence and placed Garrison on probation (as compared to imposing sentence and suspending its execution pending a term of probation). We recognize that this difference could, in certain circumstances, matter for purposes of jurisdiction. (See *People v. McKenzie* (2020) 9 Cal.5th 40, 46–48.) Nevertheless, for the purpose of our analysis of the timeliness of Garrison's appellate claim, the relevant triggering event for imposition of the restitution fine and fees is the conviction itself—not any subsequent entry of judgment. (See *People v. Chambers* (1998) 65 Cal.App.4th 819, 822; §§ 1202.4, subd. (m), 1465.8, subd. (a)(1); Gov. Code, §§ 29550, subd. (d), 70373, subd. (a)(1).) Further, and importantly, an order suspending imposition of sentence and granting probation is "deemed to be a final judgment within the meaning of" section 1237 and thus is an appealable order.[7] (§ 1237, subd. (a); *People v. Wilcox* (2013) 217 Cal.App.4th 618, 625; *People v. Silva* (1966) 241 Cal.App.2d 80, 82–83; see also *People v. Superior Court*

---

[7] Section 1237 provides: "An appeal may be taken by the defendant from both of the following: [¶] (a) Except as provided in Sections 1237.1, 1237.2, and 1237.5, from a final judgment of conviction. A sentence, an order granting probation, or the commitment of a defendant for insanity, the indeterminate commitment of a defendant as a mentally disordered sex offender, or the commitment of a defendant for controlled substance addiction shall be deemed to be a final judgment within the meaning of this section. Upon appeal from a final judgment the court may review any order denying a motion for a new trial. [¶] (b) From any order made after judgment, affecting the substantial rights of the party."

(*Giron*) (1974) 11 Cal.3d 793, 796.) "By providing that an order granting probation is 'deemed to be a final judgment within the meaning of [section 1237, subdivision (a)],' " that section " 'mak[es] the scope of review the same as though the appeal were taken from a final judgment of conviction.' " (*McKenzie*, at p. 47, italics omitted.)

Like the defendant in *Ramirez*, Garrison could have appealed the initial June 2018 order imposing the restitution fine and various fees that are currently the subject of his appellate claim, but he did not. In this circumstance, we apply the reasoning of the Court of Appeal in *Ramirez* and conclude that, to challenge the fine and fees imposed, Garrison was required to timely appeal from the trial court's grant of probation and imposition of the restitution fine and fees on June 1, 2018. He failed to do so.

That Garrison timely filed a notice of appeal from his subsequent sentencing proceeding and the order denying his motion under section 1237.2 does not absolve his failure to timely appeal the June 1, 2018 order. (*Ramirez*, *supra*, 159 Cal.App.4th at p. 1421.) Because Garrison did not file a notice of appeal within 60 days of the order imposing the restitution fine and fees that he now challenges (Cal. Rules of Court, rule 8.308(a)), that order became "final and binding." (*Ramirez*, at p. 1421.) We therefore lack jurisdiction to consider any error made by the trial court in that order.

Garrison argues that, given the circumstances here, "strict adherence to formal rules should not be used to deny what is indisputably the just outcome in this case." We acknowledge the significant challenges that confront Garrison in his daily life and understand how they affect his ability to pay the restitution fine and fees imposed on him. Nonetheless, we cannot adopt Garrison's arguments urging us to rely on the unauthorized sentence doctrine and the futility exception to the forfeiture rule to reach the merits of his untimely claim of error.

The unauthorized sentence doctrine "applies when the trial court has imposed a sentence that 'could not lawfully be imposed under any circumstance in the particular case.' " (*People v. Anderson* (2020) 9 Cal.5th 946, 962.) Garrison's current claim

regarding the allegedly erroneous imposition of a restitution fine and various fees "is based on factual arguments concerning his ability to pay, and does not fall within the exception carved out for unauthorized sentences." (*People v. Jinkins* (2020) 58 Cal.App.5th 707, 713; see also *In re G.C.* (2020) 8 Cal.5th 1119, 1130; *People v. Avila* (2009) 46 Cal.4th 680, 729.) Further, "[t]he unauthorized sentence doctrine will not serve to remedy [the] defect" that exists as a result of Garrison's failure to timely appeal the original order imposing the restitution fine and fees. (See *In re G.C.*, at p. 1130.)

Similarly, assuming arguendo that, before *Dueñas* had been decided, it would have been futile for Garrison to object to the imposition of the restitution fine and fees and file an appeal, we are not persuaded that the futility exception to the forfeiture rule can excuse a failure to file an appeal or create appellate jurisdiction where it does not otherwise exist. "An untimely notice of appeal is 'wholly ineffectual: The delay cannot be waived, it cannot be cured by nunc pro tunc order, and the appellate court has no power to give relief, but must dismiss the appeal on motion or on its own motion.' " (*Mendez*, *supra*, 19 Cal.4th at p. 1094.)

In sum, we conclude that, as a matter of appellate jurisdiction, we cannot grant Garrison the sole relief he requests because he did not timely appeal the trial court's June 1, 2018 order imposing the challenged restitution fine and fees. Moreover, other than his untimely challenge to the trial court's original imposition of the fine and fees, Garrison has not raised any claim of error regarding either the trial court's August 13, 2018 determination that he had violated his probation and should serve a two-year prison sentence or the trial court's May 2019 denial of his motion filed under section 1237.2. Therefore, we will affirm both the judgment of conviction and the May 2019 order.

## III. DISPOSITION

In case No. H046358, the judgment is affirmed. In case No. H047344, the trial court order dated May 28, 2019, is affirmed.

10

_____
                                    Danner, J.


WE CONCUR:




_____
Greenwood, P.J.




_____
Grover, J.




**H046358, H047344**
*People v. Garrison*