Filed 7/5/22 P. v. Castillo CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>SAMUEL CASTILLO,<br><br>　　　Defendant and Appellant. | H049195<br>(Monterey County<br>Super. Ct. No. 19CR012452) |

Following a court trial, the trial court convicted defendant Samuel Castillo of felony violation of a protective order and three misdemeanors. The court suspended imposition of sentence and ordered Castillo to serve a three-year probation term. The court also ordered Castillo to pay a $350 restitution fine and various fees and assessments, and imposed and suspended a $350 probation revocation restitution fine. Castillo did not appeal the trial court's order. Approximately one year later, the trial court found that Castillo had violated his probation and sentenced him to 16 months in the county jail. In addition, the court ordered Castillo to pay the previously suspended $350 probation revocation restitution fine and any outstanding balance on the previously ordered $350 restitution fine. Castillo now appeals.

In his opening brief, Castillo claims that the trial court violated his constitutional rights by imposing the restitution fines without first determining whether he had the

ability to pay and, alternatively, his trial counsel was prejudicially ineffective for failing to object to the court's imposition of the restitution fines. Castillo also asserts that, pursuant to Assembly Bill No. 1869 (2019-2020 Reg. Sess.) (Assembly Bill 1869), this court should amend the judgment and direct the trial court to vacate any unpaid debt owing on a criminal justice administration fee and probation services fees imposed at the initial sentencing proceeding.

After the matter was fully briefed in this court, we asked the parties to file supplemental briefs addressing whether this appeal should be dismissed as untimely because Castillo failed to take an appeal from the trial court's initial order suspending imposition of sentence, granting probation with conditions, and ordering payment of various restitution fines, fees, and assessments.

In his supplemental brief, Castillo requests that we construe his appellate claims "as an attack on the initial imposition of fines and fees" because the trial court "adopted the [previous] findings" when sentencing him after finding that he had violated probation. He also asserts that he has timely appealed from the later sentencing proceeding, at which the trial court "executed the sentence and ordered" him to pay any previously suspended fines and any outstanding balance on the $350 restitution fine. The Attorney General contends that Castillo's current challenge to the restitution fines and fees is untimely because he did not appeal from the trial court's initial order imposing those fines and fees.

For the reasons explained below, we decide that we do not have the authority to grant Castillo the remedies he seeks in this appeal because he failed to timely appeal the trial court's initial order imposing the challenged restitution fine, probation revocation restitution fine, criminal justice administration fee, and probation services fees. We thus lack jurisdiction to review or modify that order. Because Castillo has not asserted any claim of error regarding his violation of probation or subsequent sentence, we affirm the judgment.

2

# I. FACTS AND PROCEDURAL BACKGROUND[1]

On February 11, 2020, following a court trial, Castillo was convicted of violating a protective order by violence or threats with prior convictions (Pen. Code, § 166, subd. (c)(4);[2] count 1), two counts of misdemeanor battery (§ 242; counts 2 & 3), and misdemeanor vandalism with a prior conviction (§ 594, subd. (b)(2)(B); count 4).

On June 10, 2020, the trial court suspended imposition of sentence and placed Castillo on formal probation for three years with various conditions. The probation conditions included direction to pay (among other fines, fees, and assessments) a $350 restitution fine (§ 1202.4, subd. (b)) and "in accordance with his/her ability to pay," a criminal justice administration fee (former Gov. Code, §§ 29550.1, 29550.2). In addition, the court made further orders for payment of fines, fees, and assessments that were "not conditions of probation." The additional orders included the imposition and suspension of a $350 probation revocation restitution fine (§ 1202.44) and a direction that Castillo pay probation services fees comprising an $864 probation report preparation fee plus $81 per month for the cost of supervised probation "in accordance with his/her ability to pay" (former § 1203.1b).

At the conclusion of its recitation of the probation conditions and other fines, fees, and assessments, the trial court said, "The defendant is entitled to a hearing if he can't afford to pay any of the fines and fees I imposed today." Castillo did not request a hearing on his ability to pay or otherwise object to any of the fines, fees, and assessments. Furthermore, Castillo answered "Yes, your Honor" when the court asked him, "Do you understand and accept all those terms [of probation]?" In addition, after Castillo's trial counsel waived a formal reading of appellate rights, the court told Castillo that he had a right to appeal and suggested that he "[k]eep in touch with [his] attorney because there's

---

[1] We do not state the facts regarding Castillo's offenses or violation of probation because they are not relevant to the issues raised in this appeal.

[2] Unspecified statutory references are to the Penal Code.

a time limit on that." Castillo did not appeal any aspect of the June 10, 2020 sentencing, including the imposition of fines, fees, and assessments.

On May 14, 2021, the trial court held a formal contested hearing on alleged probation violations and found the violations true.

On June 11, 2021, the trial court terminated probation and sentenced Castillo to the lower term of 16 months in county jail, with 293 days credit for time served. In addition, the court directed, "And at this time, you are ordered to pay any previously suspended fines and fees in addition to any outstanding balance on the state restitution fine of [] $350 through the Monterey County Revenue Division." Castillo did not object to the court's order or request a hearing on his ability to pay. In accord with the court's order, the abstract of judgment indicates that a probation revocation restitution fine of "$350 per [Penal Code section] 1202.44 is now due, probation having been revoked." No other fine, fee, or assessment is indicated on the abstract of judgment.

Castillo filed a notice of appeal on June 16, 2021.

## II. DISCUSSION

Castillo raises two claims related to the restitution fines and another claim regarding the criminal justice administration and probation services fees. Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, Castillo asserts the imposition of the restitution fines of $350 without first determining whether he had the ability to pay them violated his federal and constitutional rights to due process and equal protection and against excessive fines, and, alternatively, he received ineffective assistance of counsel because his trial counsel did not object to those restitution fines. Castillo urges us to remedy the alleged error by ordering the trial court to stay the restitution fines unless and until the trial court holds an ability to pay hearing and determines that Castillo has the present ability to pay them.

Regarding the criminal justice administration and probation services fees, Castillo contends that this court should, pursuant to Assembly Bill 1869, amend the judgment and

4

direct the trial court to vacate any unpaid debt owing on those fees. The respondent's brief argues the merits of the appellate claims and does not raise any argument regarding the timeliness of Castillo's claims.

This court requested supplemental briefing on whether the appeal should be dismissed as untimely because Castillo failed to take an appeal from the June 10, 2020 order suspending imposition of sentence, granting probation with conditions, and ordering payment of certain restitution fines, fees, and assessments. (See § 1237, subd. (a).)

Both parties filed a supplemental brief. The Attorney General contends that we should dismiss this appeal as untimely because the trial court's June 10, 2020 order was an appealable order and the time for Castillo to challenge the terms of that order expired before he filed his notice of appeal on June 16, 2021 (following the termination of his probation and sentencing on June 11, 2021).

In his supplemental brief, Castillo requests that we "construe the argument set forth in the instant appeal [] as an attack on the initial imposition of fines and fees without an ability-to-pay hearing (June 10, 2020) because on June 11, 2021, the sentencing court adopted the findings of the June 10, 2020 sentencing court." In addition, Castillo asserts that his "sentence was not executed until [June] 11, 2021, at which time the notice of appeal was timely filed."

We begin our analysis of Castillo's appellate claims by examining the threshold issue of our jurisdiction to consider his challenge to the restitution fine (§ 1202.4, subd. (b)), probation revocation restitution fine (§ 1202.44), criminal justice administration fee (former Gov. Code, §§ 29550.1, 29550.2), and probation services fees (former § 1203.1b), all of which were ordered by the trial court on June 10, 2020.

"A criminal appeal must generally be filed within 60 days of the making of the order being appealed. [Citation.] 'A timely notice of appeal, as a general matter, is "essential to appellate jurisdiction." ' " (*People v. Ramirez* (2008) 159 Cal.App.4th 1412,

5

1420–1421 (*Ramirez*), quoting *People v. Mendez* (1999) 19 Cal.4th 1084, 1094; see also *People v. Slobodion* (1947) 30 Cal.2d 362, 365–366.) "Unless the notice is actually or constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the merits of the appeal and must dismiss the appeal." (*In re Jordan* (1992) 4 Cal.4th 116, 121.)

An order granting probation is considered a final judgment, even when the trial court has suspended imposition of sentence. (§ 1237, subd. (a); *People v. Douglas* (1999) 20 Cal.4th 85, 91 ["an order suspending imposition of sentence and granting probation is considered a final judgment"].) A notice of appeal from a probation order must ordinarily be filed within 60 days after it is made. (See Cal. Rules of Court, rule 8.308(a).)

Castillo current appeal is taken from his violation of probation and June 11, 2021 sentencing. As he timely filed the notice of appeal, we have jurisdiction over it. But we lack jurisdiction to consider any of Castillo's current legal claims because they only challenge the restitution fines and indicated fees that the trial court had imposed one year earlier on June 10, 2020.

Our analysis of the timeliness of Castillo's appellate claims is informed by the Court of Appeal decision in *Ramirez*, *supra*, 159 Cal.App.4th 1412. In that case, the trial court initially sentenced the defendant in 2003 to four years in prison, suspended execution of that sentence, and granted probation. (*Id.* at p. 1418.) In 2004, pursuant to a negotiated disposition, the defendant admitted a probation violation and probation was reinstated, but the court increased the defendant's unexecuted sentence from four years to five years. (*Id.* at pp. 1418–1419.) In 2006, the trial court found the defendant had violated his probation, terminated that probation, and executed the five-year sentence. (*Id.* at pp. 1419–1420.) The defendant appealed the executed sentence, raising three claims that challenged earlier actions taken by the trial court in 2004; the defendant did not directly challenge the 2006 order from which he had appealed. (*Id.* at p. 1420.) The

6

Court of Appeal agreed with the defendant that the trial court acted improperly in 2004 when it increased the defendant's unexecuted sentence. (*Id.* at p. 1425.) Nevertheless, the Court of Appeal concluded the defendant's appellate claims were untimely—and affirmed the judgment—because the defendant should have raised his claims in a timely appeal from the 2004 order. (*Id.* at p. 1421.)

In reaching its conclusion, the Court of Appeal explained: "In general, an appealable order that is not appealed becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment. [Citations.] Thus, a defendant who elects not to appeal an order granting or modifying probation cannot raise claims of error with respect to the grant or modification of probation in a later appeal from a judgment following revocation of probation." (*Ramirez, supra*, 159 Cal.App.4th at p. 1421.)

Here, in contrast to *Ramirez*, the trial court originally suspended imposition of sentence and placed Castillo on probation (as compared to imposing sentence and suspending its execution pending a term of probation). We recognize that this difference could, in certain circumstances, affect the jurisdictional analysis. (See *People v. McKenzie* (2020) 9 Cal.5th 40, 46–48 (*McKenzie*).) Nevertheless, for the purpose of our evaluation of the timeliness of the claims Castillo makes in this appeal, the relevant triggering event for imposition of the challenged restitution fines and fees is the conviction itself. The time to appeal does not run from a subsequent entry of judgment or, as occurred here, a mere reiteration of Castillo's obligation to pay the previously imposed restitution fines. (See *People v. Chambers* (1998) 65 Cal.App.4th 819, 822; §§ 1202.4, subd. (m), 1202.44, former § 1203.1b, subd. (b); former Gov. Code, § 29550, subd. (d).)

7

An order suspending imposition of sentence and granting probation is "deemed to be a final judgment within the meaning of" section 1237 and thus is an appealable order.[3] (§ 1237, subd. (a); *People v. Wilcox* (2013) 217 Cal.App.4th 618, 625; *People v. Silva* (1966) 241 Cal.App.2d 80, 82–83; see also *People v. Superior Court* (*Giron*) (1974) 11 Cal.3d 793, 796.) "By providing that an order granting probation is 'deemed to be a final judgment within the meaning of [section 1237, subdivision (a)],' " that section " 'mak[es] the scope of review the same as though the appeal were taken from a final judgment of conviction.' " (*McKenzie*, *supra*, 9 Cal.5th at p. 47, italics omitted.)

Like the defendant in *Ramirez*, Castillo could have appealed the initial June 2020 order imposing the restitution fines and fees that are currently the subject of his appellate claims, but he did not. In this circumstance, we apply the reasoning of the Court of Appeal in *Ramirez* and conclude that, to challenge the restitution fines and fees imposed, Castillo was required to timely appeal from the trial court's grant of probation and imposition of the restitution fines and fees on June 10, 2020. He failed to do so.

That Castillo timely filed a notice of appeal from his subsequent June 11, 2021 sentencing proceeding does not absolve his failure to timely challenge the restitution fines and fees imposed in June 2020, by appealing that order. (See *Ramirez*, *supra*, 159 Cal.App.4th at p. 1421.) Because Castillo did not file a notice of appeal within 60 days of the order imposing the restitution fines and fees that he now challenges (Cal. Rules of Court, rule 8.308(a)), that order became "final and binding." (*Ramirez*, at p. 1421.) We

---

[3] Section 1237 provides: "An appeal may be taken by the defendant from both of the following: [¶] (a) Except as provided in Sections 1237.1, 1237.2, and 1237.5, from a final judgment of conviction. A sentence, an order granting probation, or the commitment of a defendant for insanity, the indeterminate commitment of a defendant as a mentally disordered sex offender, or the commitment of a defendant for controlled substance addiction shall be deemed to be a final judgment within the meaning of this section. Upon appeal from a final judgment the court may review any order denying a motion for a new trial. [¶] (b) From any order made after judgment, affecting the substantial rights of the party." (§ 1237.)

therefore lack jurisdiction to consider the alleged errors related to the June 2020 order.[4] Because Castillo raises no cognizable legal claims challenging the determination that he violated probation or the June 11, 2021 sentencing proceeding, we affirm the judgment.[5]

## III. DISPOSITION

The judgment is affirmed.

---

[4] Regarding the criminal justice administration and probation services fees and Castillo's claim related to Assembly Bill 1869, this court has stated that "by its plain terms the ameliorative changes of Assembly Bill 1869 apply retroactively to make any unpaid portion of the identified assessments, as they existed on June 30, 2021, 'unenforceable and uncollectible' as of July 1, 2021. (Stats. 2020, ch. 92, §§ 11, 62.)." (*People v. Greeley* (2021) 70 Cal.App.5th 609, 626.) While we lack jurisdiction over the trial court order imposing the criminal justice administration and probation services fees, Castillo (should he so choose) is not prejudiced from raising any claims in the trial court regarding the unpaid portion of the identified fees. (See Gov. Code, § 6111; § 1465.9; see also *People v. Nelms* (2008) 165 Cal.App.4th 1465, 1472 ["The trial court retains jurisdiction to vacate a void, but not a voidable, judgment. . . . The trial court also retains jurisdiction . . . to correct an unauthorized sentence."].)

[5] In light of our conclusion that we lack jurisdiction to consider Castillo's appellate claims, we deny as unnecessary Castillo's motion for judicial notice filed on April 6, 2022.

_____
                        Danner, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P.J.

_____
Wilson, J.

**H049195**
*People v. Castillo*