Filed 7/8/16  P. v. Cowan CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>STUART LELAND COWAN,<br><br>Defendant and Appellant. | F070422<br><br>(Super. Ct. No. SC078781A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Michael G. Bush, Judge.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Franson, Acting P.J., Peña, J. and Smith, J.

Appellant Stuart Leland Cowan appeals from the court's denial of his petition for recall of sentence pursuant to Penal Code section 1170.126.[1]  Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On October 29, 1999, Bakersfield police officers stopped a vehicle in which Cowan was a passenger.  During the stop, the officers found a dagger eight to nine inches long in Cowan's waistband and two syringes in Cowan's backpack.  A subsequent blood draw from Cowan tested positive for amphetamines, barbiturates, and opiates.

On January 21, 2000, a jury convicted Cowan of possession of a dirk or dagger (former § 12020, subd. (a)), possession of narcotics paraphernalia (Health & Saf. Code, § 11364), and being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)).  On January 24, 2000, the court found true three prior prison term enhancements (§ 667.5, subd. (b)) and allegations that Cowan had three prior convictions within the meaning of the Three Strikes law (§ 667, subds. (b)-(i)).

On March 1, 2000, the court sentenced Cowan to 25 years to life on his possession of a dagger conviction, plus three one-year prior prison term enhancements.

On November 6, 2012, California voters passed the Three Strikes Reform Act of 2012 (the Act; § 1170.126) which became effective the next day.  In pertinent part, the Act establishes a procedure for an offender serving an indeterminate life sentence for a third strike conviction that is not deemed a serious and/or a violent felony to file a petition for recall of sentence and to be resentenced as a second strike offender.  (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 596-597, § 1170.126, subd. (f).)

On August 7, 2014, Cowan filed a Petition for Recall of Sentence pursuant to section 1170.126.

---

**1**     All further statutory references are to the Penal Code, unless otherwise indicated.

On August 19, 2014, the district attorney filed a response arguing that Cowan was ineligible for resentencing pursuant to that section because he was armed with a weapon when he committed the possession of a dagger offense. (Cf. *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1030-1032 [defendant convicted of possession of a firearm by a felon was armed with a firearm because of the firearm defendant was holding at the time].)

On October 28, 2014, the court agreed with the prosecutor and denied Cowan's motion.

Cowan's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*Wende*, *supra*, 25 Cal.3d 436.) However, in a document filed on April 24, 2015, Cowan raises three issues relating to his 2000 convictions for possession of a dirk or dagger. These contentions are not cognizable because they should have been raised in an appeal filed 60 days from the date he was sentenced in that matter. (Cal. Rules of Court, rule 8.308 [notice of appeal must be filed within 60 days after the rendition of the judgment]; *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421 [the failure to file a timely appeal forfeits a claim because it deprives the appellate court of jurisdiction].) Further, following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.