Filed 8/26/16  In re C.C. CA1/1

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re C.C,, a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>C.C.,<br><br>        Defendant and Appellant. | A147086<br><br>(Alameda County Super. Ct. No. SJ1302165705) |

MEMORANDUM OPINION[1]

C.C. appeals from an August 11, 2015 order terminating his wardship and an October 22, 2015 order denying his motion for rehearing.  He argues that the trial court abused its discretion in terminating his wardship because the termination rendered him ineligible for special immigration juvenile status (SIJS) and was thus contrary to his best interests under Welfare and Institutions Code section 202.  We dismiss.  The appeal of the August 11 order is untimely and the October 22 order is not appealable.

An appeal must be filed "within 60 days after the rendition of the judgment or the making of the order being appealed." (Cal. Rules of Court, rule 8.406(a)(1).)  "A timely notice of appeal, as a general matter, is 'essential to appellate jurisdiction.' " (*People v.*

_____

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1(1), (3).

1

*Mendez* (1999) 19 Cal.4th 1084, 1094.) "In general, an appealable order that is not appealed becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment." (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421.)

Here, the order terminating wardship was entered on August 11, 2015, but C.C.'s notice of appeal was not filed until December 21, 2015, well over 60 days later. Accordingly, C.C.'s appeal of the August 11 order is untimely and must be dismissed.

Moreover, C.C. did not extend the time for appeal by moving for rehearing and appealing from the order denying the motion. (See *In re Timothy N.* (1975) 48 Cal.App.3d 862, 867.) An order denying a motion for rehearing is not independently appealable unless the motion "involves entirely new, previously unlitigated issues." (*Ibid.*) C.C. argues that is the case here, because he requested rehearing so the juvenile court could consider new evidence from his immigration attorney regarding his pending SIJS petition. But the issue of C.C.'s immigration status was not new. To the contrary, C.C.'s counsel raised the issue at the August 11 hearing at which the juvenile court terminated wardship. Specifically, counsel argued "one of the greatest benefits" of keeping C.C. on juvenile probation would be that appellant "would be able to gain legal [immigration] status." Thus, the order denying the motion for rehearing did not involve an entirely new issue since the immigration consequences of terminating the wardship had been previously raised.

Accordingly, we dismiss the appeals from the August 11 and October 22 orders.

_____
Humes, P.J.

We concur:

_____
Margulies, J.

_____
Banke, J.

2