Filed 5/7/21  P. v. Maynard CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C092175 |
| Plaintiff and Respondent, | (Super. Ct. No. 62162820) |
| v. | |
| JACOB RYAN MAYNARD, | |
| Defendant and Appellant. | |

Defendant Jacob Ryan Maynard appeals from a June 2020 order reinstating all prior terms and conditions of probation, claiming an electronic search condition imposed in 2019 is unconstitutional.  We affirm, because we agree with the People that defendant cannot challenge the probation condition in this appeal.

FACTUAL AND PROCEDURAL BACKGROUND

We do not discuss the underlying facts of defendant's crime of conviction, as it is irrelevant to our resolution of this appeal.

Pursuant to a negotiated disposition in May 2019, defendant pled no contest to one count of assault with a deadly weapon, and the trial court placed him on formal probation

1

for five years with various conditions, including that he obey all laws and "submit his/her person, place[,] property, automobile, electronic storage devices . . . to search and seizure by an [*sic*] law enforcement officer or probation officer, any time of the day or night, with or without a warrant . . . ."

The trial court asked defendant if he accepted the terms and conditions of probation. Defendant replied, "Yes, sir," and did not file a direct appeal challenging the general search condition.

In May 2020, after a contested hearing, the trial court concluded defendant violated the "obey all laws" condition of probation, and revoked probation.

Later, after the prosecution urged the trial court not to reinstate probation, but instead to sentence defendant to an aggravated term of incarceration for the assault, the trial court explained that it "would be willing to reinstate probation" if defendant were to waive some custody credits and accept the trial court's "add[ing] drug, narcotic and alcohol testing by probation."

After conferring with defendant, counsel for defendant told the trial court that defendant "accept[ed] the modified terms of probation." The trial court asked defendant if he had any questions before the hearing continued. Defendant said he did not have any questions "that [he] car[ed] to mention."

After more discussion, the trial court said it would "reinstate probation on all prior terms and conditions. We are adding terms and conditions of probation. They will include that you submit to drug, narcotic and alcohol testing . . . ." (RT 119) The trial court explained other aspects of new terms and conditions (RT 119-122), and then the following colloquy occurred between the trial court and defendant:

"[The trial court]: So sir, will you accept those additional terms and conditions of probation as I've indicated them to you?

"[Defendant]: Yes, Your Honor.

2

"[The trial court]: And I should note that the prior order to stay away from the victim in this matter remains the [c]ourt's order. Do you understand that . . . ?

"[Defendant]: I understand that.

"[The trial court]: Give me just a moment. That includes -- so your prior orders are to submit to search and seizure. That includes electronic devices. And . . . including providing passwords. Do you understand that?"

Defendant told the trial court he understood.

Defendant timely appealed.

## DISCUSSION

On appeal, defendant challenges the constitutionality of the electronic search condition of his probation. He argues it is facially overbroad. The People argue defendant's claim is "barred by his failure to appeal the original 2019 order in which the condition was imposed and is forfeited by his failure to object at any time." (Capitalization and bolding omitted.)

We agree defendant may not now challenge the electronic search condition.

Even assuming that defendant's challenge to the constitutionality of the probation condition raises a purely legal issue not requiring any scrutiny of the individual facts of his case, which ordinarily does not forfeit the issue (*In re Sheena K.* (2007) 40 Cal.4th 875, 885, 889), we reject his challenge, because he did not appeal from the initial order granting probation.

In general, an appealable order from which a litigant does not take direct appellate review becomes final and binding and may not be attacked subsequently on an appeal from a later appealable order or judgment. (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421.) An order granting probation is appealable (whether it is the imposition or execution of sentence being suspended). (*Id.* at p. 1421.) "Thus, a defendant who elects not to appeal an order granting . . . probation cannot raise claims of error with respect to

3

the grant . . . of probation in a later appeal from a judgment following revocation of probation." (*Ibid*.)

Here, as there is no dispute that defendant did not appeal the order granting probation, though he could have, he cannot now challenge that order in the instant appeal.

Defendant's invocation of *In re Sheena K.* for the proposition that we have discretion to consider his claim is unpersuasive. In that case, the juvenile *did* challenge the relevant probation condition *in her first opportunity to appeal from the order*. (*In re Sheena K., supra*, 40 Cal.4th at p. 878.) In that context, our Supreme Court explained "a challenge to a term of probation on the ground of unconstitutional vagueness or overbreadth that is capable of correction without reference to the particular sentencing record developed in the trial court can be said to present a pure question of law" and thus may be reviewed on appeal despite the failure to object in the trial court. (*Id.* at p. 887, italics omitted.) Here, the different procedural posture of this case is dispositive.

Given our preceding holding, we need not decide whether defendant forfeited appellate review of the electronic search condition by failing to object to it.

                                    DISPOSITION

The judgment (order reinstating probation) is affirmed.


                                        /s/
                                        Robie, Acting P. J.


We concur:


 /s/
Hoch, J.


 /s/
Renner, J.


4