Filed 6/22/22 In re M.M. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| IN re M.M., A Person Coming Under the Juvenile Court Law. _____ THE PEOPLE OF THE STATE OF CALIFORNIA,    Plaintiff and Respondent, v. M.M.,    Defendant and Appellant. | 2d Juv. No. B313403 (Super. Ct. No. MJ24633) (Los Angeles County) |

M.M. appeals the juvenile court's order revoking his probation and placing him in a closed facility. Appellant was previously granted probation after he admitted committing an assault with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)), petty theft (*id.*, § 484, subd. (a)), and

battery on a girlfriend (*id.*, § 243, subd. (e)(1)).  (Welf. & Inst. Code,[1] § 602.)  Prior to the disposition and adjudication hearing, the juvenile court held a competency hearing and found appellant competent to stand trial.  Appellant's sole claim on appeal is that the court erred in finding him competent to stand trial.  We conclude that we lack jurisdiction to address this claim because appellant did not file a timely appeal from the court's dispositional order.  (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1139 (*Shaun R.*).)  Accordingly, we affirm.

**FACTS AND PROCEDURAL HISTORY**

In 2019, appellant (born in April 2004) was charged in section 602 petitions with burglary (Pen. Code, § 459), robbery (*id.*, § 211), assault with force likely to produce great bodily injury, petty theft, and battery on a girlfriend.  The juvenile court subsequently declared a doubt as to appellant's competency and suspended the proceedings.  Following a competency hearing, the court found appellant competent to stand trial and proceedings were resumed.

At the September 23, 2020 disposition and adjudication hearing, appellant admitted the assault, petty theft, and battery allegations.  The court sustained the admitted allegations, declared appellant a ward, and ordered him placed in a closed facility.  Appellant did not file a notice of appeal from the dispositional and jurisdictional orders.

On March 19, 2021, appellant was placed home on probation and his placement in a closed facility was terminated.  On April 30, 2021, the court found appellant in violation of his probation.  On May 25, 2021, the court terminated probation and

---

[1] All undesignated statutory references are to the Welfare and Institutions Code.

ordered appellant placed in a closed facility for a maximum period of confinement of seven years and four months. Appellant filed a timely notice of appeal from the May 25, 2021 order.

## DISCUSSION

Appellant contends the juvenile court erred in finding him competent to stand trial. The People respond that this court lacks jurisdiction to review appellant's claim because the juvenile court adjudicated the question of appellant's competency prior to the initial disposition hearing, an order from which appellant did not appeal. Respondent is correct.

"A minor may appeal a judgment in a Welfare and Institutions Code section 601 or 602 proceeding 'in the same manner as any final judgment.' [Citation.] The juvenile court's jurisdictional findings are not immediately appealable and the appeal is taken from the order made after the disposition hearing. [Citation.] The minor may also appeal any subsequent order in such proceedings 'as from an order after judgment.' [Citation.]" (*Shaun R.*, *supra*, 188 Cal.App.4th at p. 1138.) Moreover, "[a]n appeal in a juvenile case must generally be filed 'within 60 days after the rendition of the judgment or the making of the order being appealed.' [Citations.] 'A timely notice of appeal, as a general matter, is "essential to appellate jurisdiction."' [Citation.] 'In general, an appealable order that is not appealed becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment.' [Citation.]" (*Ibid.*)

The juvenile court entered its dispositional order on September 23, 2020. To obtain appellate review of that order, appellant had to file a notice of appeal within 60 days. (Cal. Rules of Court, rule 8.406(a)(1).) Because he did not do so, we

3

lack jurisdiction to address his claim. (*Shaun R.*, *supra*, 188 Cal.App.4th at p. 1139.)

Appellant contends that his claim is cognizable in this appeal notwithstanding his failure to file a notice of appeal from the dispositional order. He claims that "[i]f the competency finding is invalid, the [juvenile] court had no jurisdiction to conduct further proceedings [citation]" such that "[a]ll proceedings after the invalid finding are void, including the instant probation violation. [Citation.]" Our Supreme Court has recognized, however, that "the . . . court does not lose subject matter jurisdiction when it fails to hold a competency hearing, but rather acts in excess of jurisdiction by depriving the defendant of a fair trial." (*People v. Superior Court* (*Marks*) (1991) 1 Cal.4th 56, 70; *People v. Jenan* (2007) 148 Cal.App.4th 1144, 1165 [quoting same].) "Whereas a lack of fundamental jurisdiction may be raised at any time, a challenge to a ruling in excess of jurisdiction is subject to forfeiture if not timely asserted. [Citation.] In the absence of exceptional circumstances, a party has no right to attack a voidable judgment long after it is final. [Citation.]" (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1422.) No such circumstances are present here.

In any event, appellant fails to demonstrate that the juvenile court erred in finding him competent to stand trial. Minors charged in 602 petitions have the same due process rights as adults not to be tried while mentally incompetent. (*In re R.V.* (2015) 61 Cal.4th 181, 185 (*R.V.*).) "A minor is incompetent for purposes of this section if [he or she] lacks sufficient present ability to consult with counsel and assist in preparing [his or her] defense with a reasonable degree of rational understanding, or lacks a rational as well as factual understanding of the nature of

4

the charges or proceedings against [him or her]." (§ 709, subd. (a)(2).) A minor is presumed competent and bears the burden of proving incompetency by a preponderance of the evidence. (*R.V.* at p. 196.) "Juvenile incompetency is not defined solely 'in terms of mental illness or disability,' but also encompasses developmental immaturity, because minors' brains are still developing. [Citation.]" (*In re John Z.* (2014) 223 Cal.App.4th 1046, 1053.)

On appeal, a juvenile court competency finding is a "'mixed question[ ] of law and fact' to which a deferential [substantial evidence] standard of review is applied," the same standard that applies to an adult criminal defendant's challenge to the sufficiency of the evidence supporting a competency determination. (*R.V.*, *supra*, 61 Cal.4th at pp. 198-199.) An "appellate court evaluating a claim of insufficient evidence supporting a determination of competency defers to the juvenile court and therefore views the record in the light most favorable to the juvenile court's determination." (*Id.* at p. 200.) As relevant here, the inquiry is "whether the weight and character of the evidence of incompetency was such that the juvenile court could not reasonably reject it." (*Id.* at p. 201.)

Dr. Emin Gharibian, a psychologist at Patton State Hospital, was appointed to evaluate appellant's competency. Prior to the competency hearing, Dr. Gharibian submitted a report concluding that although appellant was "not yet competent to stand trial" it was "more probable than not that with a round of competency training and instruction, [he] would attain competency in the future." [Bold and underlining omitted.] At the competency hearing, the doctor opined that appellant—whom she evaluated approximately five months prior to the hearing—

5

was currently incompetent but would regain competency after "a couple one-to-one classes." Although appellant could "understand why he was there," he lacked "a factual and rational understanding of the charges and proceedings due to immaturity and . . . the likely presence of a developmental disability." The doctor also concluded, however, that appellant "would not have any difficulty working with his attorney in conducting his defense in a rational manner" and "had an understanding of the nature and seriousness of the offense[s]" and "the nature and purpose of the juvenile court trial."

In response to questioning by the court, Dr. Gharibian testified that "[appellant's] case is really one of those competencies where he's really on the borderline. In these cases where they are really kind of straddling the edge between competency and incompetency, I tend to go with the more conservative opinion." The doctor continued: "In this case, [appellant] was right on the border and I felt very confident that with just some minor remediation, he would be able to learn those concepts more strongly and then be able to be in court and not have any of his rights violated, essentially."

After noting that appellant "seem[ed] to have a fairly sophisticated understanding" of a guilty plea and the purpose of plea bargaining, the court wondered whether appellant "need[s] remediation or does he just need a lawyer who is careful about explaining these concepts so that the boy isn't sort of rushed into decisions that he may not fully grasp." The court then asked Dr. Gharibian, "Do you believe that it would be sufficient for his lawyer to provide the kind of information and training needed on an as-needed basis as the boy is appearing in court . . . ?" Dr. Gharibian replied in the affirmative and added "I don't sense any

difficulty of [appellant] actually working with his attorney if his attorney wants to spend the time to help him understand some of the material that he might have missed during my interview."

In finding that appellant had failed to meet his burden of demonstrating he was incompetent to stand trial, the court reasoned among other things that it "is clear . . . from the answers to the questions posed to [appellant] that if he didn't necessarily understand the terminology of guilty or not guilty, he did understand the fundamental concepts underlying that: Did he do it? Did he not do it? Under what circumstances would he make the deal or not. He seemed to understand that as well." The court concluded that "the need for remediation here, even in the expert's opinion, is really quite minor. Just a very little bit is needed. And when I consider[ed] this and asked [Dr. Gharibian] about whether [appellant's] lawyer might simply be able to . . . guide him through the process, [the doctor] seemed pretty sure of that."

The court told defense counsel: "[E]ven if [appellant] does have some sort of a developmental disability, it does not appear to be so great just by virtue of the very questions and answers provided to the court as to interfere with is ability to deal with it. This is not one of these situations where a court finding of incompetency is compelled by some sort of deeper inability to deal with the case. I think that [appellant] is quite able to deal with this and to help you with it. . . . I would not like to prolong his stay at juvenile hall or the pendency of these proceedings while we cope with some administrative obstacles to deal with remediation when you can just simply give him legal advice which is, from what I can tell from [Dr. Gharibian's] report, what he needs. . . . So with that, I'm going to find . . . that

7

[in]competency here is not supported by a preponderance of the evidence, and so I think [appellant] is competent to proceed. "

In light of the evidence, the court did not err in finding that appellant had failed to meet his burden of proving he was incompetent. We are not persuaded by appellant's assertions that the court could not find him competent without further investigation of his possible developmental disability, or that Dr. Gharibian's evaluation was inadequate because it was not updated after new charges were filed against appellant. Because it cannot be said that "the weight and character of the evidence of incompetency was such that the juvenile court could not reasonably reject it" (*R.V.*, *supra*, 61 Cal.4th at p. 201), appellant's claim fails.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

YEGAN, Acting P.J.

TANGEMAN, J.

8

William A. Crowfoot, Judge
Superior Court County of Los Angeles

_____

Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen, Supervising Deputy Attorney General, and Michael Katz, Deputy Attorney General, for Plaintiff and Respondent.