Filed 7/23/24  P. v. Katsinis CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE, | C098700 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CR30974) |
| v. | |
| DANIELLE MARIE KATSINIS, | |
| Defendant and Appellant. | |

Defendant Danielle Marie Katsinis pled no contest to three counts of arson. Pursuant to the plea agreement, the trial court sentenced defendant to four years four months in prison, including the upper term of three years on the first count.  The trial court suspended execution of the sentence and granted defendant probation for two years. When she violated probation, the trial court lifted the stay of execution.  On appeal, defendant argues the case should be remanded for resentencing because the upper term is

1

not supported by jury findings or defendant's stipulation as required under Penal Code[1] section 1170, as amended by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) (Senate Bill 567).  Because defendant did not file a timely notice of appeal after her original sentencing in January 2022, we must dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

The information charged defendant with four counts of arson of her own property. According to the probable cause report, defendant was spotted lighting multiple fires behind a store.  The fires were extinguished but not before they caused damage to the exterior of the building.  Defendant admitted setting the fires and said she was angry and on methamphetamine but claimed she did not intend to set the building on fire.

In October 2021, defendant pled no contest to one of the counts and the other charges were to be dismissed.

On January 13, 2022, defendant changed her plea and pled no contest to three counts of arson with the remaining count dismissed.  Pursuant to the terms of the plea agreement, the trial court granted defendant probation, imposed a four-year four-month prison term (that included the upper term of three years on the first count) but stayed execution of the prison sentence pending defendant's successful completion of two years of formal probation.  As part of the grant of probation, the trial court ordered defendant to complete a rehabilitation program.

Defendant left the rehabilitation program the next month.  The probation department filed a petition for revocation of defendant's probation.

On May 22, 2023, the trial court found defendant violated probation by (1) failing to complete the rehabilitation program, (2) leaving the state of California without permission, and (3) not informing probation of her whereabouts.  The trial court revoked

---

[1]     Further undesignated statutory references are to the Penal Code.

2

and terminated defendant's probation and lifted the stay on the execution of her previously imposed four-year four-month sentence.

On May 25, 2023, defendant filed a notice of appeal.

DISCUSSION

Defendant argues the trial court erred because the changes to section 1170 enacted by Senate Bill 567 limit the trial court's ability to impose the upper term here. The People respond, "The appeal should be dismissed because [defendant] failed to file a timely notice of appeal." We agree with the People.

On October 8, 2021, the Governor signed Senate Bill 567 into law. Senate Bill 567 became effective January 1, 2022, and made changes affecting the trial court's sentencing discretion. (Stats. 2021, ch. 731; Cal. Const., art. IV, § 8, subd. (c).) Specifically, Senate Bill 567 generally limits the trial court's ability to impose an upper-term sentence unless aggravating circumstances that justify the imposition of a term in excess of the middle term have been stipulated to by the defendant or found true beyond a reasonable doubt by a jury or the judge in a court trial. (§ 1170, subd. (b)(1), (2); Stats. 2021, ch. 731, § 1.3.)

Defendant argues the case should be remanded for resentencing under this law. That claim, however, is not properly before us because defendant's May 2023 notice of appeal was not filed *within 60 days of the trial court's original January 2022 imposition of her sentence*.

Generally, a notice of appeal in a criminal case must be filed within 60 days of the order being appealed. (Cal. Rules of Court, rule 8.308(a).) "An order granting probation and imposing sentence, the execution of which is suspended, is an appealable order." (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421.) "[W]hen a court imposes sentence but suspends its execution at the time probation is granted, a defendant has the opportunity to challenge the sentence in an appeal from the order granting probation. [Citation.] If the defendant allows the time for appeal to lapse during the probationary

3

period, the sentence becomes final and unappealable. [Citation.] This is so regardless of the fact the defendant will not serve the sentence unless the court revokes and terminates probation before the probationary period expires." (*Ibid*.) Moreover, "an appealable order that is not appealed becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment." (*Ibid*.)

Here, on January 13, 2022, the trial court placed defendant on probation and imposed the upper term defendant challenges now but suspended the execution of that term. The time for filing a notice of appeal from that order expired 60 days after it was entered in 2022. Defendant filed the instant notice of appeal on May 25, 2023. Because the original order is final, we are without jurisdiction to entertain defendant's challenge to her upper-term sentence.

We note there is authority that states defendant's executed but suspended sentence is not final when determining whether a later-enacted law that reduces the defendant's sentence can be retroactively applied under the doctrine announced in *In re Estrada* (1965) 63 Cal.2d 740. (See, e.g., *People v. Esquivel* (2021) 11 Cal.5th 671, 673.) *Esquivel* has no application here because the trial court sentenced defendant when Senate Bill 567 was already in effect. At that time, she could have objected to an upper-term sentence on the basis presented here. As such, defendant does not and cannot seek the retroactive application of a later-enacted bill that reduced her sentence (like Senate Bill 567). Rather, she forfeited the claim the trial court imposed an allegedly incorrect sentence in January 2022. The finality rule of *Esquivel* is not applicable here.[2]

---

[2] Given the dispositive nature of defendant's failure to file a timely appeal of the January 2022 order, we express no opinion as to the People's arguments that defendant forfeited this argument (1) because she failed to object in the trial court when she agreed to this sentence in the plea agreement, or (2) because she failed to obtain a certificate of probable cause. We likewise decline to address the arguments as to whether Senate Bill 567 applies to a stipulated sentence.

4

## DISPOSITION

The appeal is dismissed.

/s/
ROBIE, Acting P. J.

We concur:

/s/
BOULWARE EURIE, J.

/s/
MESIWALA, J.