Filed 2/25/26  P. v. Ratliff CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085250 |
| v. | (Super.Ct.No. RIF091977) |
| DEVERON JACQUES RATLIFF, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Dismissed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

1

Deveron Jacques Ratliff asked the trial court to resentence him under Penal Code sections 1172.1 and 1172.75. (Unlabeled statutory citations refer to this code.) The court denied both motions, and he appeals from the order denying his motion under section 1172.75. We dismiss the appeal.

BACKGROUND

In 2002, a jury found Ratliff guilty of assault with a deadly weapon and possession of a firearm by a felon. (§ 245, subd. (a)(1); former § 12021, subd. (a)(1); *People v. Ratliff* (Aug. 24, 2004, E032100) [nonpub. opn.] pp. 4-5 (*Ratliff I*).) The jury also found that Ratliff committed both offenses for the benefit of a criminal street gang. (§ 186.22, subd. (b)(1); *Ratliff I*, E032100, p. 5.) In addition, the allegations that he personally used a firearm in connection with the assault count (§ 12022.5, subd. (a)), had two prior strikes under the three strikes law (§ 667, subds. (b)-(i)), had two prior serious felony convictions (§ 667, subd. (a)), and had served two prior prison terms (former § 667.5, subd. (b)) were all found true. The court sentenced him to 24 years in prison plus an indeterminate term of 25 years to life. The court stayed the sentences for the prior prison term enhancements.

On Ratliff's appeal from the judgment, we agreed with him that the court erred by staying his sentences for the prior prison term enhancements, and we directed the court to strike the enhancements. (*Ratliff I, supra*, E032100, p. 21.) The court struck the enhancements in 2004 and issued a first amended abstract of judgment that did not include any prior prison term enhancements.

In 2024, Ratliff filed two pro se pleadings asking the court to recall his sentence and resentence him. First, in August 2024, Ratliff filed a "motion for recall of sentence" under section 1172.75. (Capitalization omitted.) The court set the motion for a hearing in October 2024.

Second, in September 2024, Ratliff filed a "request for recall of sentence and resentencing" under section 1172.1. (Capitalization omitted.) The court denied the request by minute order on September 18. The order cited subdivision (c) of section 1172.1, which states that a "defendant is not entitled to file a petition seeking relief from the court under this section."

The hearing on the section 1172.75 motion took place on October 25, 2024. The court appointed counsel for the limited purpose of representing Ratliff at the hearing. The court observed that the matter "was not submitted from CDCR" and that Ratliff filed the motion himself. Defense counsel agreed that the California Department of Corrections and Rehabilitation (CDCR) had not forwarded Ratliff's name to the court for purposes of resentencing. Counsel concluded that was because Ratliff did not have any prior prison term enhancements, and he recommended that the court dismiss Ratliff's motion without prejudice. The court denied the motion, ruling that Ratliff was "statutorily ineligible for relief based on the current status of the petition."

On December 23, 2024, Ratliff filed a notice of appeal stating that he was appealing from the order dated October 25, 2024.

3

DISCUSSION

Ratliff argues that the court erred by denying his request for resentencing under section 1172.1.  He contends that we should remand for the court to decide whether to resentence him on its own motion under that section.  But he appealed from the order denying his motion under section 1172.75.  The deadline to appeal from the order denying his request under section 1172.1 (which was entered on September 18) passed more than one month before he filed his notice of appeal (on December 23), so he cannot challenge that order now.  (Cal. Rules of Court, rule 8.308(a); *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1420-1421.)

Even if Ratliff had filed a timely notice of appeal challenging the section 1172.1 order, the order is not appealable.  Section 1172.1 authorizes resentencing only on recommendation of various governmental officials or sua sponte by the court.  (§ 1172.1, subd. (a).)  As the trial court recognized, the statute expressly provides that a "defendant is not entitled to file a petition seeking relief from the court under this section." (§ 1172.1, subd. (c).)  Ratliff filed an unauthorized request to modify a final judgment. The court lacked jurisdiction to grant it, so the denial did not affect Ratliff's substantial rights and therefore is not appealable.  (§ 1237, subd. (b); *People v. Faustinos* (2025) 109 Cal.App.5th 687, 692-696.)

The only order identified in Ratliff's notice of appeal is not appealable either. Section 1172.75 authorizes the trial court to recall a defendant's sentence if the CDCR informs the court that the defendant is serving a sentence that includes a prior prison term

4

enhancement (former § 667.5, subd. (b)).  (§ 1172.75, subds. (b)-(c); *People v. Burgess* (2022) 86 Cal.App.5th 375, 380, 384.)  Section 1172.75 does not authorize a motion, petition, or request like Ratliff's in the absence of notification by the CDCR.  (*Burgess*, at p. 384.)  The CDCR did not notify the court that Ratliff was serving a qualifying sentence, because the prior prison term enhancements were struck in 2004 at our direction.  The court lacked jurisdiction to grant the requested relief on Ratliff's motion, so the denial did not affect Ratliff's substantial rights and is not appealable.  (*Id.* at pp. 381-382; *People v. King* (2022) 77 Cal.App.5th 629, 634.)  We therefore lack jurisdiction of this appeal.  (*Burgess*, at p. 382.)

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
                                              J.

We concur:

RAMIREZ
                P. J.

FIELDS
            J.

5