Filed 9/6/23  P. v. Pradia CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE, | C096827 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FE-2013-0005395) |
| v. |  |
| CARL PRADIA, |  |
| Defendant and Appellant. |  |

In 2013, defendant Carl Pradia pleaded guilty to one count of armed robbery, one count of dissuading a witness by force, and admitted the truth of a firearm enhancement. The trial court sentenced him to 14 years in prison.  Defendant argues the trial court erred in denying the recommendation of the Secretary of the Department of Corrections and Rehabilitation to recall his sentence and resentence him.  (Pen. Code, § 1170, subd. (b); undesignated statutory references are to the Penal Code.)  Defendant, however, failed to file a timely notice appeal from the trial court's April 2021 ruling, and waited until the trial court granted defendant's motion for reconsideration and denied the motion again in August 2022.  The trial court's order denying the recommendation was final in 2021, and

1

the trial court lacked jurisdiction to entertain it again in 2022. As a result, we dismiss the appeal.

FACTS AND HISTORY OF THE PROCEEDINGS

The facts of these cases are taken from the description submitted by the Secretary of the Department of Corrections and Rehabilitation (Secretary). On the morning of February 11, 2023, defendant and two accomplices robbed four victims at gunpoint in a hotel room of the I-5 Inn. Defendant was waving the gun around and yelling for everyone to get down on the floor. During the robbery, one of his accomplices punched one of the victims. Defendant demanded the victims give him all of their money, jewelry, and cell phones.

That evening, defendant and one accomplice returned to the I-5 Inn with a gun and threatened a tenant. When officers arrived, defendant and his accomplice went into a room, and an officer saw defendant throw a handgun out of a back window.

The information charged defendant with four counts of robbery (§ 211); four counts of dissuading a witness (§ 136.1, subd. (c)(1)); criminal threats (§ 422); personally using a firearm during the robberies and while dissuading the witnesses (§§ 12022.53, subd. (b), 12022.5); and being a felon in possession of a gun and ammunition (§§ 29800, subd. (a), 30305, subd. (a)(1)). Defendant pleaded guilty to one count of armed robbery, one count of dissuading a witness by force, and admitted one firearm enhancement. The trial court dismissed the remaining counts and enhancements with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

On November 18, 2013, the trial court sentenced defendant to an aggregate term of 14 years in prison: The middle term of four years on the initial robbery count (§ 211), plus 10 years for personally using a firearm (§ 12022.53, subd. (b)). The trial court also sentenced defendant to a concurrent four-year term on the dissuading a witness count (§ 136.1, subd. (b)(1).)

2

On April 5, 2021, the Secretary sent a letter to the trial court recommending recall of defendant's sentence under then-section 1170, subdivision (d)(1) because of the changes in the trial court's discretion regarding the section 12022.53 firearm enhancement.

On April 29, 2021, the trial court summarily denied the request for recall.

In March 2022, defendant filed a motion to reconsider denial of the section 1170, subdivision (d) request to recall and resentence. In April 2022, the trial court granted defendant's motion for reconsideration over the prosecution's objection. The trial court held a hearing on August 15, 2022, and received testimony. At the conclusion of the hearing, the trial court stated, "I was surprised when I read the request by the Department of Corrections for me to reconsider the sentence because there is nothing positive in this letter by the Department of Corrections, nothing positive at all. It shows that he has 22 rules violations. It shows that he had four counseling chronos concerning his classes that he was taking.· It shows . . . he was . . . either on parole or just off of parole at the time this incident occurred. He has prior felonies. . . [¶] . . . [¶] [l]ooking at the facts of this case, I – I think he is a threat to public safety. I am going to deny the request for resentencing."

Defendant filed a notice of appeal on August 19, 2022, from the August 15, 2022 order.

## DISCUSSION

Defendant contends the trial court erred in its second ruling on the Secretary's recommendation. Based on our review, we asked the parties to provide supplemental briefing on whether this court has jurisdiction to decide this appeal given that the trial court denied the recommendation in April 2021, and the notice of appeal was not filed until August 23, 2022.

Defendant did not answer the question asked but instead requested that this court treat his appeal as a petition for a writ of habeas corpus. We decline this invitation. The People argue we lack jurisdiction to decide the appeal due to defendant's failure to file a timely appeal. We agree with the People.

"In general, an appealable order that is not appealed becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment." (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421.) Further, a trial court generally lacks jurisdiction to resentence a criminal defendant once the execution of the sentence has begun. (*People v. Howard* (1997) 16 Cal.4th 1081, 1089.) In other words, " 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' " (*People v. King* (2022) 77 Cal.App.5th 629, 634.) " '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.' " (*Ibid*.)

Here, the trial court denied the Secretary's recommendation on April 29, 2021. That ruling became final sixty days after it was issued in June 2021. (Cal. Rules of Court, rule 8.308(a).) Defendant's August 2022 notice of appeal was not timely as to this original order. (*Ibid.*) "An untimely notice of appeal is 'wholly ineffectual: The delay cannot be waived, it cannot be cured by nunc pro tunc order, and the appellate court has no power to give relief, but must dismiss the appeal on motion or on its own motion.' " (People *v. Mendez* (1999) 19 Cal.4th 1084, 1094.)

Moreover, defendant was not authorized to file an application to reconsider that April 2021 order in March of 2022. (*People v. King, supra*, 77 Cal.App.5th at p. 641.) The trial court lacked jurisdiction to both grant defendant's application for reconsideration in April 2022 and redetermine its ruling on the Secretary's recommendation in August 2022. (*Ibid.*) Thus, its order granting the request for reconsideration and subsequent order denying the application for recall and resentencing

4

are not appealable orders (*id.* at p. 634), and we dismiss this appeal.  Because of this dismissal, we are not required to address defendant's request for judicial notice.

DISPOSITION

The appeal is dismissed.

_____
HULL, Acting P. J.

We concur:

_____
MAURO, J.

_____
MESIWALA, J.

5