Filed 9/13/23  P. v. Prasad CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>REGINAL PRASAD,<br><br>Defendant and Appellant. | C097149<br><br>(Super. Ct. No. 01F01700) |

Defendant Reginal Prasad appeals the trial court's denial of his petition for resentencing under Penal Code section 1170, subdivision (d).[1]  Counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) or *People v. Wende* (1979) 25 Cal.3d 436 and requested that we exercise our discretion to review the entire record for arguable issues on appeal.  Defendant filed a supplemental brief raising multiple arguments.  Most notably, defendant claims he or his attorney were entitled to be present for the hearing at which the trial court determined he was not eligible for resentencing.  He also raises multiple challenges to his underlying conviction, which are not cognizable in this appeal.  We shall affirm.

---

[1]     Undesignated statutory references are to the Penal Code.

1

BACKGROUND

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

The amended information charged defendant with robbery and four counts of rape in concert. (§§ 211, 264.1.) The information further alleged defendant kidnapped the victim for purposes of rape and was armed with a firearm. (§§ 667.61, subds. (d)(2), (e)(1), 12022, subd. (a)(1), 12022.3.)

According to the presentence report, defendant and another man picked up the victim while she was walking down a street in Sacramento. When the victim realized the men were not taking her where she wanted to go, she asked to be let out of the car. The men told her to be quiet, and that they had a gun. The men picked up a third man, and a fourth man followed them in another car. The men drove onto a dirt road in a rural area, ripped off the victim's clothes, and raped her. They put her back in the car and drove away. At one point they stopped and pushed her out of the car, and she was able to get help.

The jury found defendant guilty on all counts. It also found true the allegations that defendant kidnapped the victim within the meaning of section 667.61, subdivisions (d)(2) and (e)(1) for each of the rape in concert counts.

The trial court sentenced defendant to the middle term of three years on the robbery count, an indeterminate term of 25 years to life on the first rape in concert count, plus one-third the middle term (seven years) for each of the remaining three rape counts. This judgment became final in 2008.[2] (Cal. Rules of Court, rules 8.366 & 8.532.)

---

[2] We take judicial notice of this court's opinion in the original appeal (*People v. Prasad* (Oct. 10, 2007, C052995) [nonpub. opn.]), and our Supreme Court's denial of defendant's petition for review on January 3, 2008. (Cal. Rules of Court, rule 8.252.)

On June 17, 2022, defendant filed a petition for recall and resentencing under section 1170, subdivision (d).**3** Defendant argued that he was 17 years old at the time of the crime, and that his sentence of 25 years to life plus 24 years was a de facto life without the possibility of parole (LWOP) sentence, so he therefore was eligible for recall and resentencing under section 1170, subdivision (d).

Without a hearing, the trial court denied the petition, finding the express language of the statute did not apply to defendant because the statute applies only to LWOP sentences. Further, the court found defendant failed to demonstrate his sentence was a de facto LWOP sentence because he is eligible for parole in 2028 under section 3051 (at which time he would be 45 years old).

Defendant timely appealed. The order is appealable as a postconviction order implicating defendant's "substantial rights." (*People v. McCallum* (2020) 55 Cal.App.5th 202, 211, fn. 7 (*McCallum*), superseded by statute as stated in *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1041.)

DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant filed a supplemental brief raising several issues, only one of which is cognizable in this appeal.

A.  *Scope of review*

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo, supra*,

---

**3**      For ease of reference, we shall refer to this as the LWOP provision below.

3

14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of *right* and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Delgadillo*, at p. 221.)

In *Delgadillo*, our Supreme Court held *Wende* independent review is not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Delgadillo, supra*, 14 Cal.5th at pp. 222, 224-225.) The court further found that general due process principles regarding fundamental fairness did not compel a *Wende* independent review of the order. (*Id*. at pp. 229-232.) Nevertheless, in the interest of judicial economy, the court exercised its discretion to conduct its own independent review of the record given that the lower court's "suboptimal" notice to defendant referenced *Wende* but did not indicate that his appeal might be dismissed as abandoned if he did not file a supplemental brief. (*Delgadillo*, at pp. 222, 233.)

The *Delgadillo* court also prescribed guidance for considering an appeal from an order denying a section 1172.6 petition where counsel finds no arguable issues to be pursued on appeal. (*Delgadillo, supra*, 14 Cal.5th at pp. 231-232.) When a defendant has been notified that his appeal of a postconviction order may be dismissed, the reviewing court must evaluate the specific arguments presented in any supplemental brief the defendant files. (*Id*. at p. 232.) The filing of a supplemental brief, however, "does not compel an independent review of the entire record to identify unraised issues," although the reviewing court may exercise its discretion to independently review the record. (*Ibid*.)

While *Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postconviction relief order under section 1172.6 (*Delgadillo, supra*, 14 Cal.5th at p. 231, fn. 5), these same principles apply in this case. Because defendant filed a supplemental brief raising several issues after his appointed counsel and this court

notified him that his appeal may be dismissed as abandoned if he did not file a brief, we shall apply *Delgadillo*'s guidance and consider the issues he raised on appeal.

B.       *Supplemental briefing*

Defendant's first argument—and the only one cognizable in this appeal—is that the trial court violated his right to due process when it denied his resentencing petition without holding a hearing with defendant or his attorney present.  We disagree.

Defendant relies on *McCallum, supra*, 55 Cal.App.5th 202 for this argument.  In that case, the defendant appealed the trial court's refusal to recall his sentence and resentence him after a recommendation from the Secretary of the Department of Corrections and Rehabilitation.[4]  (*Id*. at pp. 205-206.)  At that time, both the Secretary Recommendation provision and the LWOP provision for recall and resentencing were set forth in section 1170, subdivision (d), and both followed the same procedure. (*McCallum*, at p. 208; Stats. 2015, ch. 378, § 2.)[5]  Based on the language of the statute, the *McCallum* court concluded the defendant had no right to a hearing on the trial court's decision not to recall the sentence under the statute because (1) section 1170, subdivision (d) was silent as to whether the trial court had to hold a hearing on the decision to recall the sentence, and (2) the Legislature knew what language to use to require a trial court to hold a hearing.  (*McCallum*, at pp. 211, 212.)[6]  Accordingly, the court held the defendant had no due process right to a hearing on this recommendation.  (*McCallum*, at pp. 215-

---

[4]       We refer to this provision as the "Secretary Recommendation provision."

[5]       The current provision providing for recall and resentencing based upon the Secretary's recommendation has been moved to section 1172.1 and now contains its own hearing procedures.  (Stats. 2022, ch. 58, § 9.)

[6]       The Secretary Recommendation provision has been moved to section 1172.1 with its own procedures, and the Legislature has added a hearing requirement prior to the denial of the petition.  (Stats. 2021, ch. 719, § 3.1, eff. Jan. 1, 2022; renumbered § 1172.1 and amended by Stats. 2022, ch. 58, § 9, eff. June 30, 2022.)  No such hearing requirement is contained in the current section 1170, subdivision (d).

216.) The court noted, "The fact a defendant has a right to a resentencing hearing [after his sentence is recalled], however, does not mean the defendant has a right to a hearing on whether to recall his or her sentence. [Citations.]" (*Id*. at p. 216.) We agree with *McCallum* that defendant was not entitled to a hearing on his petition to recall his sentence and thus his due process rights were not violated.

Although the *McCallum* court went on to conclude that the trial court had abused its discretion by rejecting the Secretary's recommendation without allowing the defendant there to present additional information relevant to the recommendation (*McCallum, supra*, 55 Cal.App.5th at p. 216), this conclusion was premised on the finding that the trial court should have allowed the defendant to provide input on the Secretary's recommendation because he was in the best position to provide additional details supporting the request, specifically about his reentry plans and family or community support. (*Id*. at pp. 218-219.)

Here, by contrast, defendant made no request for a hearing. Further, unlike the defendant in *McCallum*, defendant originated the application he submitted, not a third party, and he presumably included all pertinent information in the request as was necessary for its proper adjudication. There was no need for defendant to supplement that information or provide additional details to the trial court in a hearing. Thus, the trial court here did not abuse its discretion in not holding a hearing.

In his supplemental briefing, defendant raises a host of other claims about his original trial and sentence, which are not cognizable in this appeal. He asserts the prosecutor engaged in misconduct both by using perjured testimony and making misstatements of fact. He claims his trial counsel was ineffective because he advised defendant to reject a favorable offer and told the prosecutor that defendant was not amenable to a plea agreement. Further, he asserts the trial court erroneously said he was 18 years old at the time of the crime. Finally, he argues his sentence is unconstitutionally

cruel and unusual, and the trial court violated section 654 by imposing multiple punishments for the same act or omission.

Defendant provides no authority for why these challenges may be permissibly raised in his petition, and we conclude nothing in section 1170, subdivision (d) authorizes these collateral attacks on the final judgment in this case. "[A] judgment becomes final ' "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari ha[s] elapsed." ' " (*People v. Padilla* (2022) 13 Cal.5th 152, 162.) "In general, an appealable order that is not appealed becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment. [Citations.]" (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421.) Because defendant's judgment has been final since 2008, he is barred from raising issues challenging that judgment in these collateral proceedings that could have been raised on direct appeal.

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed.



      KRAUSE     , J.



We concur:



  RENNER    , Acting P. J.



  BOULWARE EURIE  , J.

7